## WEBSTER v. WEBSTER.

1. **Divorce:** NEW TRIAL: INTEREST OF PARTY. Where, after the rendition of a decree of divorce in this state at the suit of the wife, the husband, who was a resident of New York, obtained a divorce in the courts of that state, it was held that he had no interest in the subject matter of the wife's action which entitled him to a re-opening of the case on the ground that the decree was fraudulently obtained, it not appearing that the parties had any children, or that any property rights were involved.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 18.

THE plaintiff and defendant were married in the State of New York, in the year 1870. On the 31st of January, 1878, they were divorced by the decree of the District Court of Dubuque county, in this State. The decree was upon plaintiff's petition, which charged the defendant with willful desertion. The defendant was then, and is now, a resident of the State of New York. Service of the original notice was made by publication, and the defendant made no appearance. So far as the record shows, it appears that the proceedings were regular, and that the court had proper jurisdiction of the subject matter and the parties. On the 28th day of January, 1879, the defendant filed his petition, in which he avers in substance that the plaintiff fraudulently and without cause, and with the intent and purpose of procuring a divorce to which she was not entitled, left the State of New York, the place of residence of the parties, and came to Dubuque, Iowa, and commenced her action for divorce, and prosecuted the same to judgment and decree, without any knowledge of said suit on the part of the defendant. That plaintiff was not a resident of the State of Iowa; and that she falsely alleged in her petition and testified upon the trial that she was such resident; that the allegations of her petition for divorce

were false and fraudulent, and that upon said trial the plaintiff introduced false testimony in support of said allegations, and that by means of the fraudulent character of the entire proceedings the plaintiff imposed upon the court, and procured an erroneous and void decree.

The prayer of the defendant's petition was that the decree of divorce be set aside, and that the "court inquire into its jurisdiction in said cause, and on determining that it had no jurisdiction, reverse said judgment, and dismiss plaintiff's bill. Or if the court shall determine upon full examination that it had jurisdiction that it will set aside said judgment and decree, open the default, and permit defendant to make defense upon the merits, and for such other and further relief as may be just and equitable."

There was a demurrer to the defendant's petition, which was overruled. Thereupon the plaintiff answered the petition of defendant, and denied the alleged frauds, and averred that she was a *bona fide* resident of this State, when she commenced her suit for divorce. She set up the following in separate divisions or paragraphs of her answer:

"3rd. For further answer plaintiff avers that the final decree in this case was rendered on the 31st day of January, 1878, and that the rendition of said decree was brought to the knowledge of the defendant within a few days thereafter. That a long time thereafter, to-wit: On the 28th day of November, 1878, the plaintiff married and became the lawful wife of W. N. Craine; has ever since, and is now, living with him as his wife; that during all the time that elapsed between the rendition of said decree and the marriage of plaintiff with W. N. Craine, defendant took no legal steps to attack said decree, and plaintiff had no knowledge of any such purpose on the part of defendant, but that defendant immediately after plaintiff's marriage took steps to attack said decree for the purpose of annoying, harassing and distressing the plaintiff, and filed his said petition to vacate on the 28th day of January, 1879.

" 4th. For further answer plaintiff avers that on the 10th day of February, A. D. 1879, the defendant procured a decree of divorce from plaintiff in the Supreme Court of the State of New York, and that on defendant's own petition the plaintiff and defendant are decreed to be no longer husband and wife.

" Wherefore plaintiff prays to be hence dismissed with her proper costs, and that the prayer of defendant be wholly denied."

There was a demurrer to the 3rd and 4th divisions of the answer, which was overruled, from which ruling the defendant appeals.

*Hurd & Daniels*, for appellant.

*Shiras, Van Duzee & Henderson*, for appellee.

ROTHROCK, J.—It will be observed that the record does not disclose that there are any children the issue of the marriage of plaintiff and defendant; and it does not appear that there are any property rights involved in the controversy. The parties have been doubly divorced. The defendant, after having had notice of the decree at the suit of the plaintiff for nearly a year, and after the plaintiff had remarried, and after he has himself procured a decree of divorce from the plaintiff, seeks to set aside and annul the decree procured by plaintiff because of fraud in imposing upon the jurisdiction of the court, and because the grounds upon which the decree was obtained were false. We think he is not in a position to attack the decree. He has no interest in the subject matter of the litigation. After he procured his decree of divorce in New York he had no further claims upon the plaintiff. It is said that the decree should be set aside to enable him to vindicate his character against the aspersion of having been guilty of conduct entitling his wife to a divorce.

We do not think this is of sufficient consequence to justify

the interference of the courts, especially, in view of the fact that defendant had knowledge of the decree for nearly a year, and took no steps to vindicate his character until after the plaintiff's marriage.

There is some question in our minds whether the third division of the answer should be considered as a separate defense, and if standing alone and without the denials of fraud contained in the previous paragraphs, it is questionable whether the mere delay after the notice of the decree would preclude the defendant from asserting his right to have the decree vacated upon proof of the allegations of his petition. We think, however, that both these divisions or paragraphs should be considered together and in connection with the general denials, and not in the nature of confessions and avoidance, but merely as additional reasons why the decree should not be disturbed. The last paragraph we consider of controlling importance, and, as we have said, we think the defendant, having no further interest in the subject matter, and no claim upon the plaintiff, must be precluded from reopening the litigation.

AFFIRMED.