CATHERINE HURLEY, Appellant, v. WILLIAM HURLEY.

Setting Aside Divorce. LACHES. Plaintiff and defendant were married in 1888, but never lived together. In 1892 defendant obtained a divorce, of which plaintiff had knowledge the same year, but she made no effort to set aside the decree until 1899, and after defendant had remarried. *Held*, that such delay constituted laches precluding relief.

Improper Abstract: AFFIRMANCE ON ACCOUNT OF. Where the appellant disregarded the rules of the supreme court requiring the abridgment of evidence, and printed in his abstract the complete transcript of the evidence, the decree will be affirmed.

*Appeal from Clinton District Court.*—Hon. W. F. Brannan, Judge.

Tuesday, October 21, 1902.

The parties live in Illinois, and were married November 20, 1888. They have never lived together, their only son being born January 8, 1889. The defendant obtained a decree of divorce regular on its face in Clinton county, this state, April 12, 1892, and this action to set it aside was begun November 11, 1899, shortly after his marriage to another woman. The plaintiff's petition was dismissed, and she appeals.—*Affirmed.*

*C. C. McMahon* and *F. L. Holleran* for appellant.

*C. H. George* and *Geo. B. Phelps* for appellee.

Ladd, C. J.—The appellant's abstract is a complete transcript of the evidence, setting out every question and answer. Counsel will not be permitted thus to disregard the rules of this court. On this ground alone the decree must be affirmed. · *Phillips v. Crips*, 108 Iowa, 605. The plaintiff admits having heard by rumor, in the fall of 1892, that defendant was divorced, and this, according to her own story, was confirmed by his refusal to deny when she inquired of him. He testified that he then advised her that he in fact obtained the decree. The evidence as to whether he had resided in the state during the year previous was in dispute. The court might well have found that she knew, or at least might have learned on reasonable inquiry, of the granting of the decree, and allowed seven years to elapse before instituting an action to set it aside. Such laches, in view

of the changed situation of defendant, ought to preclude any relief. *Nichols v. Nichols*, 25 N. J. Eq. 60; *Singer v. Singer*, 41 Barb. 139; *Prewett v. Dyer*, 107 Cal. 154 (40 Pac. Rep. 105); *Earle v. Earle*, 91 Ind. 27; *Nicholson v. Nicholson*, 113 Ind. 131 (15 N. E. Rep. 223); Freeman, Judgments (3d Ed.) section 102; Black, Judgments, 313; 2 Bishop, Marriage & Divorce (6th Ed.) p. 634.—AFFIRMED.