F. N. Bruner v. Calvin H. Hunt *et al.*

No. 14,110.   (81 Pac. 194.)

SYLLABUS BY THE COURT.

EJECTMENT—*Occupying-claimants Act Construed.*   In an action in ejectment, where it is found that the defendants are entitled to receive payment for valuable and lasting improvements under the occupying-claimants act, and the value of such improvements and the value of the land are separately determined, the plaintiff is entitled to a decree that he may elect to sell the land to such claimants, and, if he does so elect and tenders to them a warranty deed, and they refuse to accept it and pay the value of the land, within a time to be fixed by the court, the value of the land, so found, should be adjudged a first lien, and the property ordered to be sold and the proceeds applied first to the payment thereof.

Error from Cloud district court; HUGH ALEXANDER, judge.   Opinion filed June 10, 1905.   Reversed.

*L. H. Perkins,* and *Caldwell & Wilmoth,* for plaintiff in error.

*Isaac A. Rigby,* and *F. W. Sturges,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff sought by this action to eject the defendants from the lands described in his petition. They pleaded title and right of possession under a tax deed.   Upon a trial of the issues thus joined judgment was rendered setting aside the deed and decreeing the amount of taxes paid by the defendants to be a lien upon the premises.   Thereafter the taxes were paid by the plaintiff, and subsequently the defendants set up a claim for valuable and lasting improvements under the occupying-claimants act.   A jury assessed the value of the improvements at $433, and the value of the land without improvements at

$300. Thereupon the court rendered the following judgment and decree:

"It is further considered, ordered and adjudged by the court that the plaintiff shall have to and including March 15, 1904, in which to make an election to receive the value of said land without said improvements, to be paid by the said defendants thereafter, and on or before April 1, 1904, upon a tender by the plaintiff to the defendants of a general warranty deed for the land aforesaid, which tender shall be made on or prior to March 15, 1904, aforesaid.

"It is further considered, ordered and adjudged by the court that in case the plaintiff shall, within the time allowed, elect to tender, and tender, a deed for said land and to receive $300, the valuation of the same, exclusive of improvements, and if the defendants shall fail or refuse to accept said deed and pay said $300 within the time allowed by this judgment, then the plaintiff shall have the right to apply to this court for an order that said land be sold as upon execution, and for the application of the proceeds of such sale to the satisfaction, first, to the amount due defendants for their improvements, to wit, $433, and that the balance of said proceeds be paid to the plaintiff; and said plaintiff may apply to this court for any further relief it is proper for the court to grant in the premises; but it is further considered, ordered, adjudged and decreed by the court that whatever the plaintiff may do with reference to an election and tendering a deed, the defendants shall not be evicted from said land under any writ or process from this court in this case until said defendants shall be paid the amount of their claim for such improvements, to wit, $433; and it is further considered, ordered and adjudged by the court that if plaintiff pays to said defendants said sum of $433 for their said improvements, then a writ of eviction be issued, commanding the sheriff to oust and remove the defendants from said land. To which judgment and decree and orders made therein all parties except. Said judgment, decree and orders are made by the authority of *Claypoole v. King,* 21 Kan. 602; *Stephens v. Ballou,* 27 id. 594, and *Mercer v. Justice,* 63 id. 225, 65 Pac. 219."

The first contention of plaintiff in error is that he

Bruner v. Hunt.

was entitled to a decree giving him the right to elect to tender to the defendants a warranty deed and to accept the value of the land so found by the jury, and, in case the defendants should refuse to pay such value within a time to be fixed by the court, to have an order of eviction. This contention cannot be sustained. Under sections 601 and 608 of chapter 80 of the General Statutes of 1868, and prior to the enactment of chapter 102 of the Laws of 1873, such a judgment was authorized, but by the latter act these sections were repealed and so amended as to provide that no order of eviction should issue until the occupying claimant should have been paid the assessed value of his improvements. (*Stephens v. Ballou,* 27 Kan. 594; *Boeken v. Alderman,* 26 id. 738; *Claypoole v. King,* 21 id. 602.)

A further contention is that the court erred in decreeing that if the plaintiff should elect to accept the value of the land and should tender a warranty deed therefor to defendants, and they should refuse to accept the same and to pay the assessed value of the land to plaintiff, the value of the defendants' improvements should be a first lien on the land. Plaintiff in error claims that he was entitled to a decree that if he should elect to sell the land to defendants at its assessed value and should exercise such right in the manner provided by statute, and the defendants should refuse to accept the deed and pay therefor, the value of the land should be adjudged a first lien on the property. Our statute does not say which party shall have a prior lien, nor does it make any provision for the enforcement of plaintiff's right after such election. Equity, however, having obtained jurisdiction of the parties and subject-matter, may make and enforce all decrees necessary for the full and complete adjustment and final determination of all questions between the parties with reference to the subject-matter of the suit.

The superior equities seem to be on the side of plaintiff. The defendants entered the plaintiff's lands without his knowledge or consent and under a doubtful title; they knew that plaintiff was the owner of the land, and whatever right they had was obtained *ex parte,* which should be critically scrutinized and strictly construed against them. The improvements were of their own selection, and, whether providently or improvidently made, whether the location and surroundings justified them, or whether such improvements were made with reference to some specific business or enterprise in which they were engaged or contemplated, were all matters with which plaintiff had nothing to do. They entered upon the lands and made the improvements knowing that if the owner of the property should be successful in contesting their title he might elect to sell them the land at whatever price a jury should say it was worth without the improvements. Under such circumstances it would be highly inequitable to require the plaintiff to bear the loss resulting from the improvements made by the defendants.

There is, however, no room for judicial speculation over this question in this state. In *Stephens v. Ballou,* 27 Kan. 594, this court determined the priority of liens in favor of plaintiff. At page 603 it was said:

"If, however, the plaintiff elects to take the value of the land, and tenders a deed to the defendant, then the land in law and equity becomes the property of the defendant, and all that plaintiff is then entitled to is the value of the land without the improvements. In just what way he may recover that value, the statute, as it now stands, does not prescribe. Under the statute before it was amended in 1873, if the defendant did not pay the value of the land to the plaintiff within a reasonable time—to be fixed by the court —the plaintiff might then have his writ of eviction to obtain possession of the land; but under the law as it now stands, he is not entitled to any such writ. Under the law as it now stands, the plaintiff would

probably be entitled to commence an independent action to subject the land, with the improvements, to the payment of his claim, and to sell the land, with the improvements, for that purpose; for undoubtedly his claim is a lien, and a prior lien, upon the land. It is possible, however, that the plaintiff may also have some other remedy."

The views thus expressed are entirely satisfactory. If such conclusion is not correct, then the provisions of the statute giving to plaintiff the right to elect to sell the land to defendants are inoperative and useless. The owner of land may sell it to a purchaser willing to buy without statutory authority. The provision in question compels the occupant to buy if the plaintiff elects to sell to him, or to allow the land to be sold to satisfy the plaintiff's lien.

Some authorities hold that the owner of the superior title and the occupying claimant are tenants in common, and in case of a sale of the land their equities should be apportioned. This appears to have been the decision in *Leighton v. Young*, 10 U. S. App. 298, 52 Fed. 439, 3 C. C. A. 176. The learned judge who wrote the opinion drew his conclusion largely from decisions of state courts rendered under statutes that made such persons tenants in common, although the statute under consideration was that of Nebraska, which is very similar to our own.

For the reasons herein suggested the judgment of the court is reversed, and the cause remanded with instructions to enter a decree in accordance with this opinion.

All the Justices concurring.