## W. H. HILLS v. IRA J. L. ALLISON.

No. 15,852.   (100 Pac. 651.)

SYLLABUS BY THE COURT.

1. EJECTMENT—*Occupying Claimant—Lien for Taxes.* A tax-deed holder in possession who is defeated in an action of ejectment and who claims and receives the benefit of the occupying claimant act should be reimbursed for that portion only of the gross taxes paid which was levied upon the assessed valuation of the land without the improvements.

2. ———— *Refusal of Occupying Claimant to Pay Value of the Land — Judicial Sale — Liens on Proceeds.* If a tax-deed holder be defeated in an action of ejectment, and pursuant to his demand for the benefit of the occupying claimant act the value of the land and of the improvements be established separately, the successful claimant may elect to receive the value of the land without the improvements; and if such an election be made the court may order the land sold if the occupant refuse to pay such value within a fixed period, and may establish liens upon the proceeds of sale according to the rights of the parties.

3. PRACTICE, SUPREME COURT — *Abstract of the Record.* A printed copy of the entire record, without abridgment or condensation, is not an abstract within the meaning of rule 10a.

4. ———— *Same.* If the plaintiff in error fail to comply with the rule respecting abstracts the court may in its discretion dismiss the proceeding in error or affirm the judgment of the lower court; but the defendant in error may not demand a dismissal or affirmance as a matter of right because of such failure.

5. ———— *Same.* In this case the plaintiff in error is allowed no costs for a printed copy of the unabridged record, submitted as an abstract, although the judgment of the lower court is reversed in his favor.

Error from Cowley district court; CARROLL L. SWARTS, judge.   Opinion filed March 6, 1909.   Reversed.

STATEMENT.

PETITION in usual form of ejectment.

Answer, general denial; pleads title and possession in defendant.

Reply admits possession of defendant; general denial.

Judgment for plaintiff for title and possession; tax deeds under which defendant claimed decreed to be void.

Demand by defendant for value of his improvements and for lien for taxes.

Report of arbitrators: Value of improvements, $811.75; value of land without improvements, $225; value of land with improvements, $1036.75; rental value of land without improvements, 50 cents per annum.

Order approving and confirming report of arbitrators.

Stipulation (afterward corrected by computation approved by the court) that defendant paid taxes in sum of $171.26.

Motion by defendant for liens for taxes and improvements superior to plaintiff's rights.

Election by plaintiff to take value of land, and demand that such value be a first lien.

Judgment: The value of the realty without improvements, $225, is a first lien. Unless defendant pay such sum to plaintiff in sixty days the property shall be sold and proceeds applied, first, to costs; second, $225 to plaintiff; third, balance to defendant on liens for taxes and improvements. Defendant excepts. Adjudged further that if defendant pay plaintiff $225 defendant shall retain the property.

Motion by defendant for a new trial: (1) The decision is contrary to law; (2) error of law occurring at the trial and excepted to.

Order denying motion for a new trial. Exception.

*C. T. Atkinson,* for plaintiff in error.

*J. Mack Love,* and *C. W. Wright,* for defendant in error.

Hills v. Allison..

The opinion of the court was delivered by

BURCH, J.: The defendant insists that he should have been given a lien on the land for $171.26, the full amount of the taxes, paramount to all others, and that he should not be exposed to eviction under a sale until that sum is paid to him.

It is provided by statute that the successful claimant in ejectment shall not be let into possession until the defeated tax-title holder has been paid the full amount he has expended for taxes on the land, with interest, costs and charges. (Gen. Stat. 1901, § 7681.) One of the purposes of this statute is to encourage purchases at tax sales, so that the government revenues may not fail. But the principle of the statute is just and equitable, because the owner ought not to recover his land with damages for its detention, and thus be made entirely whole, free from his obligation to contribute to the support of the government. Therefore he is required to pay up the taxes he should have paid, if in possession, upon that which the judgment in ejectment restores to him.

It is the policy of the state to encourage the improvement of real estate. Therefore the occupying claimant act provides that the defeated tax-title holder shall not be evicted until he is paid the value of all lasting and valuable improvements he has placed on the land. (Civ. Code, § 601; *McDonald v. Kelson, ante,* p. 105.) This statute is clearly just, because the successful claimant ought not to obtain for nothing the benefit of lasting and valuable improvements made in good faith by the occupant. It might, however, work injustice in cases where costly improvements have been placed on land of little intrinsic value, and to prevent this result it provides further that the successful claimant may elect to take the value of the land, apart from the value added by the improvements, and leave the tax-title holder in possession. (Civ. Code, § 604.)

If a successful claimant, like the plaintiff, should elect to take the value of the land without improvements, what ought he to pay by way of taxes? The taxation act and the occupying claimant act must be construed together, and both in the spirit in which they are framed—that is, to accomplish justice and do equity. The plaintiff recovers nothing but the value of the naked land. He does not get the improvements or their value, and he can recover nothing for the use made of the improvements by the occupant. (*Deitzler v. Wilhite,* 55 Kan. 200, 40 Pac. 272.) The defendant put the improvements on the land; he alone has used and enjoyed them; they are his property, and he keeps them by virtue of the judgment. By creating the improvements he created the portion of the gross tax which was based upon their value. When he paid that portion of the taxes he merely paid the taxes on his own property. The plaintiff's default really extended only to the taxes on the land without the improvements. This much he ought to pay, because he recovers the equivalent of the land without improvements, but he should pay no more. (*Hentig v. Redden,* 1 Kan. App. 163, 41 Pac. 1054.) The tax law provides for the separate valuation of land and of the improvements upon it. The amount which the defendant advanced as taxes on the land alone, and for which he should be reimbursed, is easily ascertainable, and he should be given a lien for that sum.

When the defendant claimed the benefit of the occupying claimant act the case took on equitable features. That act merely regulates the exercise of a power already possessed by courts of equity and authorizes the granting of full relief; on equitable principles, in ejectment suits. Manifestly complete justice to the parties may require a sale of the land, and it was proper for the court to provide for such a contingency and to adjust liens accordingly. (*Bruner v. Hunt,* 71 Kan. 533, 81 Pac. 194.)

Hills v. Allison.

It is suggested that the court did not err in refusing to give the defendant a lien for taxes because he mistakenly asked for one too large, but justice is not administered upon such perilous terms.   As the controversy is presented here no question of offsets in favor of the plaintiff is involved.

Since the court undertook to administer complete relief the defendant ought not to be compelled to resort to an independent action to obtain a conveyance of the plaintiff's title should the defendant conclude to pay the value of the land without improvements, less his lien for taxes.   Therefore the decree should provide for a conveyance by deed, and by virtue of its own terms if a deed be not given.

The judgment of the district court is reversed, and the cause is remanded with direction to ascertain the amount of the taxes for which the defendant should be reimbursed and then render judgment in accordance with the views above indicated.

The plaintiff says that no abstract of the record has been filed in this court, and moves that the judgment be affirmed for that reason.   The defendant printed the entire record, without abridgment or condensation.   The result is a book containing twenty-eight large-sized pages.   Even the bond given by the arbitrators is printed, with the justification of the sureties and the jurat of the notary public, and the arbitrators' report is twice printed in full, once on its own account and once as an exhibit to a motion.   Very clearly no abstract has been filed.

"Plaintiff's counsel filed in this court a printed volume, labeled 'Abstract,' which volume embraces more than seventy-five pages of matter which appears to be a mere transcript or translation of stenographic minutes taken at the trial, without an attempt at condensation, as required by a rule of this court.   *Held,* that said volume is not an abstract, within the meaning of rule 13 of the amended rules of this court."   (*Thuet v. Strong,* 7 N. Dak. 565, syllabus, 75 N. W. 922.)

If the printer charged 75 cents per page, probably the average charge for brief work, the so-called abstract cost $21. The statement of the case preceding this opinion has been cast into the form of an abstract to show what ought to have been done. It presents every particle of the record necessary to be examined in order to arrive at a full understanding of the questions proposed for review, by stating the substance of those portions which can be so presented and by omitting that which is formal and immaterial. (Rule 10a.) It could be printed, with the appropriate heading, on two pages the size of those adopted by the defendant. At the assumed price it would cost $1.50. Under the former practice a copy of the record made by the clerk of this court would have cost $5.85. A proper abstract would save $4.35 in costs over the old system, and $19.50 over the defendant's system, which violates the fundamental principle of an abstract—condensation and abridgment of that which is material, where possible, and the total elimination of that which is immaterial. Further, the abstract presented above tells the whole story of the case, and a half dozen sentences would fill all the requirements of the statement to be made in the brief, which need not duplicate matters already printed in the abstract. (Rule 10b.) Two brief assignments of error raise all the questions involved, so that one printed page of brief would present the statement and the assignments of error at a cost of 75 cents. The defendant consumes seven pages in doing this, at a cost of $5.25. Altogether a proper abstract would save $8.85 over the old system and $24 over the one followed.

It would be entirely proper to dismiss the proceeding or to affirm the judgment of the district court because the defendant has violated the abstract rule.

· "Where the appellant disregarded the rules of the supreme court requiring the abridgment of evidence, and printed in his abstract the complete transcript of

Hills v. Allison.

` the evidence, the decree will be affirmed." (*Hurley v. Hurley*, 117 Iowa, 621, syllabus, 91 N. W. 895.)

."Supreme court rule 20 provides that the abstract shall contain so much of the record as may be necessary to an understanding of the question to be determined. Rule 68 provides that all immaterial matter shall be omitted. *Held*, that where some thirteen hundred questions and answers are set out in full, and the remaining answers printed in full, simply omitting questions, thereby bringing into the record a mass of irrelevant matter, the court will affirm the judgment, as authorized by rule 21." (*Phillips v. Crips*, 108 Iowa, 605, syllabus, 79 N. W. 373.)

The abstract rule was adopted, however, for the benefit of the court, to aid it in the decision of causes, and not for the purpose of affording parties new grounds upon which to secure dismissals or affirmances. The plaintiff suffers nothing because the court has preferred, in this instance, to examine what the defendant has submitted as an abstract. The court was led to do this because of the opportunity offered to illustrate the simplicity and inexpensiveness of a printed abstract in a case typical of a very large number of those presented for consideration.

The defendant not having filed an abstract within the meaning of the rule, he will be allowed no costs for the printed document he designates an abstract. In other respects he recovers costs.