## Grace B. Guggenheim, Appellant, v. William Guggenheim, Appellee.

### Gen. No. 19,316.

1. DIVORCE, § 67*—*when lack of prescribed residence of complainant will not justify vacation of decree.* Where a divorce is granted by a court having general jurisdiction of the subject of divorce, in a jurisdiction where a bona fide residence of the complainant is a prerequisite to the right to a decree or to any correct action by the court with respect thereto, and the complainant's bill alleges such residence, and the court finds as a fact that it exists, a court of equity is not justified, in either a direct or a collateral proceeding, in vacating such decree of divorce at the suit of such complainant, who participated in fraudulently procuring such erroneous finding, after the lapse of a long interval, during which such complainant acted on the assumption of the validity of such decree and the other divorced spouse married an innocent party, there having been issue of such marriage.

2. JUDGMENT, § 306*—*when judgment or decree will not be vacated in equity.* Where the record discloses jurisdiction of both the parties and the subject-matter, a bill to vacate a judgment or a decree is subject to all the usual rules as to equitable limitation and equitable estoppel, and want of clean hands, laches, estoppel and the intervening rights of third parties may defeat the bill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Guggenheim v. Guggenheim, 189 Ill. App. 146.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 13, 1914.

CHARLES J. TRAINOR, for appellant; JOHN J. LORDAN, of counsel.

NEWMAN, LEVINSON, BECKER & CLEVELAND, for appellee; S. S. GREGORY, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

That which the court below was asked in this case to do was to vacate a decree of divorce obtained by a fraud on the court granting it, perpetrated with the knowledge and active participation of the person now seeking the vacation. This request to set aside a decree obtained on the demand of the present suitor was made more than eight years after the decree was rendered, during which eight years no new fact had come to her knowledge, bettering her case for disturbing the decree, but during which she herself had married again and again been separated from a husband (the third, the defendant in this case being the second from whom she had been divorced after her marriage), and during which the defendant has also married a wife with whom he is now living and by whom he has a child. And the evidence would certainly lead one to suspect that this request is made because the wealth of the defendant, in the opinion of the suitor, renders it proper that she should receive more than the $150,-000 of alimony which she accepted after the supposed fraudulent divorce had been obtained.

It seems to us that it can hardly be seriously contended that the complainant comes into court in this case with clean hands, or that she is not seeking relief from the results of her own wrongful act, or that she has not been guilty of laches, or that many of the elements of equitable estoppel, which in an ordinary

suit in equity would prevent relief upon her present bill, are not present.

It may be said, however, that as this is a divorce proceeding it stands upon a different ground from an ordinary equitable action, in that there is a public interest against the allowance and the effectiveness of collusive and fraudulent divorces. Undoubtedly there is such a public interest, but we fail to see how it could be advanced in circumstances like this by inflicting, at the request of this complainant, irreparable wrong on innocent third persons.

The considerations that we have named seem to us amply sufficient to determine this matter, unless the complainant has established to our satisfaction the position on which she primarily relies, that the decree of divorce by virtue of the fraud put on the court, in relation to her residence in Illinois at the time she brought the bill for a divorce, as going to the jurisdiction of the action, rendered the decree not merely voidable but void, so that no other decision than that asked by her, that it should so be declared, is legally possible. This she has not done. It would be needless to elaborate and distinguish the many and diverse statements to be found in the books concerning the nullity and utter invalidity of a decree obtained when jurisdiction of the parties and jurisdiction of the subject-matter are not combined in the court entering it. For the one party to this litigation an attempt to justify our view would be doubtless ineffective; for the other useless. We prefer simply to state our conclusion strictly within the narrow limits required in the present case and to cite a few of the many cases which we think are in general accord with our position. It is this: Where in a divorce suit the court assuming to grant the divorce has general jurisdiction of the subject of divorce, but by the statutory law bona fide residence of the complaining party in the jurisdiction is one requisite for the right to the divorce, or to any

correct action of the court thereon, and where a bill brought for a divorce contains an allegation of such residence by the complaining party, and the court finds as a fact that it exists, then in neither a direct nor collateral proceeding attacking that decree as void, is a court of equity obliged or justified in so declaring it, or in vacating or setting it aside, at the instance of a complaining party, who has secured or participated in the false finding as to residence, after a long interval of time has elapsed, in which interval that party has him or herself deliberately acted on the assumption that the decree is valid and contracted another marriage; and in which interval the other party has contracted marital relations with an innocent party and there has been issue of such marriage.

This is all that this case demands in the way of an opinion. We limit our decision to it, and the statement of a broader principle or doctrine of the law may be dispensed with; but we will note that we think it but a particular example of that which we deem to be the doctrine of the Supreme Court of Illinois—that where the record on its face purports to show jurisdiction of the parties and of the subject-matter, a bill to vacate a judgment or decree is subject to all the rules of equitable limitation and equitable estoppel which attend the usual practice in equity, and want of clean hands, laches, estoppel, or the supervening or intervening rights of third parties may defeat the bill.

In line with the conclusion that we have reached on the law, we may cite as in point in one or another aspect of the case, as we believe: *Mooney v. Valentynovicz*, 255 Ill. 118; *Mohler v. Shank's Estate,* 93 Iowa 273; *Nichols v. Nichols,* 25 N. J. Eq. 60; *Yorston v. Yorston,* 32 N. J. Eq. 495-506; *Singer v. Singer,* 41 Barbour (N. Y.), 139; *Edson v. Edson,* 108 Mass. 590; *Sloan v. Sloan,* 102 Ill. 581; *Whittaker v. Whittaker,* 151 Ill. 266; *Maher v. Title Guarantee & Trust Co.,* 95 Ill. App. 365; *In re Ellis' Estate,* 55 Minn.

401; *Hurley v. Hurley,* 117 Iowa 621; *Elliott v. Wohlfrom,* 55 Cal. 384; *Bledsoe v. Seaman,* 77 Kan. 679; *Webster v. Webster,* 54 Iowa 153; *In re Morrisson,* 52 Hun (N. Y.) 102; *Karren v. Karren,* 25 Utah 87; *Hubbard v. Hubbard,* 19 Colo. 13; *Arthur v. Israel,* 15 Colo. 147; *Turpin v. Turpin* (Tenn.), 58 S. W. Rep. 763; *McNeil v. McNeil,* 78 Fed. 834.

We are not unmindful that our view of the facts is not that presented by the arguments for the appellant. We have formed it for ourselves from the record before us. No possible good purpose would be served by a discussion here of the unsavory details of this scandalous proceeding. The court below, as shown by its rulings, first on the pleadings and then on the evidence offered and the plea adjudged good, held that the participation of the complainant in the alleged fraud and the marriage and issue of the defendant since the decree attacked were a good defense—that is, that the combination of the doctrines concerning clean hands, of estoppel and of the intervening rights, and interests of innocent third parties, made, under the evidence, a complete and effective defense to the bill. With this we agree, and it renders unnecessary, in our opinion, the discussion of technical questions of equity pleading and the cross-errors assigned by the defendant.

The decree of the Circuit Court dismissing the bill is affirmed.

*Affirmed.*