EGGERT & LOCKWOOD, Appellees, v. INTERSTATE INVESTMENT & DEVELOPMENT COMPANY, Appellant.

**APPEAL AND ERROR:** Abstracts—Rule for Preparation—Violation—Penalty. ''Preserve everything reasonably material and omit everything else'' is an ancient rule for the preparation of abstracts. An affirmance may follow a glaring violation of this rule, especially when the cause has been three times tried and the rulings appear correct. (Rule 31, Supreme Court, and Sec. 4118, Code. 1897.)

PRINCIPLE APPLIED: In a cause with comparatively simple issues, followed by a verdict for $175, the abstract revealed: Pleadings with exhibits, 303 pages; opening statement, on which no point was raised, 52 pages; evidence, instructions and motions, 316 pages; total 671 pages. Questions and answers were largely copied. A vast mass of correspondence, resolutions, etc., not material to an understanding of the appeal, were inserted. Cause had pended seven years. Three trials. The rulings appeared correct. Affirmed.

*Appeal from Floyd District Court.*—HON. C. H. KELLEY, Judge.

THURSDAY, JUNE 24, 1915.

ACTION to recover for services alleged to have been rendered the defendant by plaintiffs as attorneys at law, alleged to have been of the value of $2,090.11. There was a verdict and judgment for $174.74 with interest from April 3, 1908. The defendant appeals.—*Affirmed.*

*H. J. Fitzgerald, C. D. Ellis, Yoran & Yoran,* for appellant.

*Eggert & Lockwood* and *J. C. Campbell,* for appellees.

Per Curiam: The original petition was filed July 20, 1908, alleging that plaintiffs had rendered to the defendant services as attorneys at law of the reasonable value of $2,090.11. The court instructed the jury that items amounting to $600.35 might not be recovered, and submitted liability for the balance to the jury under issues raised by the pleadings. The main defense interposed was that plaintiffs had been employed by another company whose interests were antagonistic to those of the defendant concerning the matters for which plaintiffs claimed compensation, and therefore that they were not entitled to compensation from the defendant; and farther, that some of the alleged services were rendered certain directors in executing their purposes contrary to law and in known hostility to the interests of the defendant, and also that one of the members of the plaintiff firm, when rendering the alleged services, was a director of defendant and engaged in illegally diverting the property of the defendant. By way of counterclaim, defendant alleged that advice was given by the plaintiffs in ignorance of the law, and that they were guilty of negligence in the discharge of their duties as

1. Appeal and error: abstracts: rule for preparation: violation: penalty.

attorneys at law, to defendant's damage in the sum of $5,000, and that defendants had paid them $844.26 for alleged services, to which they were not entitled. An examination of the record leaves no doubt that the issues were clearly and fairly submitted by the instructions, and that, as bearing on these, the evidence was in conflict. The cause then was rightfully submitted to the jury. As the abstract filed was not such as was exacted by the rules, the several points raised will not be discussed in detail. The time which might have been given to that has been devoted to examining an unnecessarily prolix abstract. Appellant seems to have wholly ignored the rules of this court in the preparation of the abstract. It should have contained only so much of the record as was necessary to a full understanding of the questions presented for decision. Though the claim was for a little

over $2,000 as compensation for services as attorneys, a coun-
terclaim not seriously pressed, and the verdict but $174.74,
we have an abstract of 676 pages. The pleadings with ex-
hibits attached cover 303 printed pages; the opening state-
ments on which no point is raised cover 52 pages. The evi-
dence, instructions and motions are condensed into 316 pages.
The questions and answers are set out in a large portion of
the abstract. Where this is not done, apparently the answers
are copied. To the answer were attached copies of correspond-
ence, resolutions and about everything that might have any
connection with the organization, management or operation of
the two companies. It is hardly conceivable how the rules
regarding the preparation of an abstract could be more com-
pletely disregarded. It was only necessary to set out enough
of the pleadings to enable this court to fairly understand the
issues raised. It was only necessary to set out so much of
the evidence as was necessary to show the rulings of the
court and to enable it to pass upon the issue as to whether
the plaintiffs' employment for the Radio Company was incon-
sistent with that for the defendant, or such services were ren-
dered for the officers of defendant instead of defendant. Sec.
4118 of the Code exacts that ''Printed abstracts of the record
shall be filed in accordance with rules established by the
supreme court.'' Sec. 31 of the rules of this court provides
that ''If it appear from an inspection of the abstract that
the appellant has negligently or intentionally failed to comply
with the rule requiring only so much of the record as may
be necessary to a full understanding of the question pre-
sented for decision to be included therein, the court may, in
its discretion, order a new abstract prepared in conformity
with such rule or affirm the judgment of the lower court
without considering the appeal.'' This rule is scarcely subject
to misinterpretation. ''Preserve everything material to the
question to be decided and omit everything else'' has long
obtained as the rule in this court; and though sometimes we
have ordered the substitution of a proper abstract, this has

never been done when satisfied with the rulings of the trial court. In that event, the judgment has uniformly been affirmed rather than to follow the other course specified. *Phillips v. Crips,* 108 Iowa 605; *Cressey v. Lockner,* 109 Iowa 454; *Andrew v. Andrew,* 114 Iowa 524; *Hurley v. Hurley,* 117 Iowa 621.

We are the more inclined to affirm rather than order an abstract in conformity to the rules because of the long pendency of this cause and the fact that this is the third trial, the jurors uniformly returning a verdict for the plaintiffs.— *Affirmed.*

DEEMER, C. J., LADD, GAYNOR and SALINGER, JJ., concur.