No. 21,997.

JOHN MOFFATT, *Appellant*, V. F. P. FOUTS et al., *Appellees*.

SYLLABUS BY THE COURT.

1. NEW TRIAL GRANTED—*Basis of Trial Court's Judgment*. An assignment of error which assumes that the district court granted a new trial on a single ground, need not be considered when the record affirmatively shows that the ruling was also based, and properly based, on other grounds.

2. APPEAL — *Appellate Jurisdiction*. This court's appellate jurisdiction does not include trial *de novo* of civil cases.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed June 7, 1919. Affirmed.

*John Madden, C. E. Cooper, John Madden, jr.*, all of Wichita, and *Mark Gillin*, of Parsons, for the appellant.

*H. A. Russell, W. H. Russell*, both of Scott City, *C. E. Pile*, and *L. E. Goodrich*, both of Parsons, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The general nature of this controversy is indicated in the opinion disposing of a former appeal, *Moffatt v. Fouts*, 99 Kan. 118, 160 Pac. 1137. On return of the cause to the district court a trial occurred resulting in a verdict for the plaintiff. On motion of the defendants a new trial was granted. From this ruling the plaintiff appeals.

The plaintiff asserts that the new trial was granted on the sole ground of misconduct of counsel, and an extended argument is made in an effort to demonstrate that the court erred in granting a new trial on that ground. The argument need not be considered. The defendants filed separate but similar motions for a new trial, alleging, besides misconduct of counsel, that the verdict was against the preponderance of the evidence, was contrary to the evidence, and was not supported by the evidence. The record discloses that Fouts was granted a new trial "for the reasons and upon the grounds set forth in his said motion for a new trial." Daugherty was granted a new trial "for the reasons presented in his motion for a new trial." The First National Bank of Scott City was granted a new trial

"for the reasons and upon the grounds set forth in its said motion for a new trial." It conclusively appears, therefore, that aside from an exercise of the court's discretion to grant a new trial when in its opinion the jury has been influenced by improper conduct of counsel, the court was not satisfied with the jury's conception and treatment of the evidence. The right and the duty of the district court to grant new trials under such circumstances has been under discussion so many times that nothing need be added to what has already been said on the subject. It is clear that in this instance the power was not abused.

The plaintiff invites this court to consider the evidence and make a determination of the rights of the parties. The court is without authority to do this. Its power on appeal is limited to correcting errors of the district court. While the revised code considerably amplifies the means for reviewing proceedings and reaching a just conclusion on appeal, this court cannot try cases other than those of which it has original jurisdiction.

The judgment of the district court is affirmed.