Hughes v. Vossler.

---

No. 23,442.

MINNIE M. HUGHES, *Appellant,* v. G. F. VOSSLER, *Appellee.*

### SYLLABUS BY THE COURT.

1. ABSTRACT OF RECORD—*Transcript of Evidence.* A printed transcript of all the evidence for plaintiff and defendant is not an abstract conforming to the code of civil procedure pertaining to appeals, nor as explained and interpreted in *Railway v. Conlon,* 77 Kan. 324, 94 Pac. 148; *Hills v. Allison,* 79 Kan. 617, 100 Pac. 651.

2. NEW TRIAL—*No Statutory Grounds Therefor Stated by Court.* Rule followed that where a new trial is granted on a motion setting up all the statutory grounds therefor, and the trial court does not indicate the specific ground upon which such new trial is granted, the granting of such new trial cannot furnish a basis for reversible error.

3. SAME—*Preponderance of Evidence—How Determined.* The matter of preponderance of evidence is not necessarily dependent upon the greater number of witnesses, since the testimony of the smaller number may be truthful and credible, and the testimony of the greater number may be discredited or untruthful.

4. SAME—*Trial Court Should Specify Grounds for Granting New trial.* When the trial court grants a new trial on a motion therefor based on several grounds, it is good practice, and tends to expedite the business of both trial and appellate courts, for the trial court to specify the particular grounds on which the new trial is granted.

5. SAME—*Request that Trial Court Indicate Grounds for Granting New Trial Made Too Late.* Where the trial court makes an order granting a new trial pursuant to a motion therefor based on all the statutory grounds but does not indicate the particular grounds upon which the motion for a new trial was sustained, and the plaintiff appeals therefrom, and thereafter the plaintiff appellant returns to the trial court and presents a motion that the trial court indicate the particular grounds upon which the new trial was granted, and the trial court refuses such belated request, it is held, that such request was not in fact a motion to amend and correct the judgment, and that it was within the trial court's discretion to refuse it.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed January 7, 1922. Affirmed.

*S. J. Shively, E. J. Sheldon,* and *W. L. Joyce,* all of Paola, for the appellant.
*Alpheus Lane,* and *Karl V. Shawver,* both of Paola, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for breach of a promise of marriage. Plaintiff prevailed. On defendant's motion, based on all the usual grounds, a new trial was granted. From that order granting a new trial, the plaintiff, on February 14, 1921, appealed to this court. Later, on February 21, 1921, plaintiff returned to the district court and presented a motion "to amend and correct" the order granting a new trial, "by showing what ground or grounds of the motion were sustained and what grounds were overruled." On the same day this motion was denied.

Two errors are specified—sustaining the motion for a new trial, and overruling the motion requesting the trial court to indicate which of the grounds of the motion were sustained and which overruled.

On the theory that a printed transcript, incorrectly called an *abstract,* was necessary to enable this court to determine the merit of these two specified errors, we are presented with a printed document of 254 pages, not more than a mere fraction of which has the slightest relation to the matters to be reviewed. In *Bruington v. Wagoner,* 100 Kan. 439, 440, 164 Pac. 1057, it was said:

"Ordinarily it is sheer waste of a client's money to print endless pages of conflicting testimony for presentation on appeal."

A printed transcript of all the testimony for plaintiff and defendant, questions and answers, material and immaterial, is very far from an abstract conforming to the code of civil procedure pertaining to appeals, as explained and interpreted in *Railway Co. v. Conlon,* 77 Kan. 324, 99 Pac. 148; *Hills v. Allison,* 79 Kan. 617, 100 Pac. 651.

Touching the first error assigned, it is governed by the rule so often announced:

"If the trial court, for any reason covered by the code (Civ. Code, §§ 305-308), was dissatisfied with the jury's verdict, it was its duty to set that verdict aside, and to grant a new trial. Ordinarily it is only when the trial court indicates the exclusive and specific ground upon which a new trial is granted, and that ground happens to be one which this court is in as good a position to consider and determine as the trial court, that reversible error can be effectively based upon the granting of a new trial. (*Ryan v. Topeka Bridge Company,* 7 Kan. 207; *Howell v. Pugh,* 25 Kan. 96; *City of Sedan v. Church,* 29 Kan. 190; *Sanders v. Wakefield,* 41 Kan. 11, 14 Pac. 251; *Manufacturing Co. v. Bowers,* 71 Kan. 260, 80 Pac. 565; *Goehenour v. Construction Co.,* 104 Kan. 808, 810, 180 Pac. 776; *Moffat v. Fouts,* 105 Kan. 58, 181 Pac. 557.)" (*Atkinson v. Darling,* 107 Kan. 229, 231, 191 Pac. 486.)

We are asked, however, to assume that the new trial was granted on the showing made that the verdict of the jury was a "quotient" verdict, as that was the matter chiefly considered and discussed at the hearing of the motion for a new trial. That we cannot do. The new trial ordered may have been based on that showing; it may have been on much broader grounds. Furthermore, there was testimony that the verdict was reached by an antecedent agreement of the jurors to adopt as their verdict the result of a computation of their twelve individual estimates of the plaintiff's damages divided by twelve. One juror testified:

"Q. Now then, after they agreed to give the plaintiff something, then was there an agreement made as to how they should reach the amount? A. Yes, there was.

"Q. Now what was that agreement? A. Each one was to put the amount he thought she should have on a piece of paper and divide by twelve.

"Q. Did they do that? A. Yes, sir.

"Q. Was that result reached—was that the verdict that the jury rendered? A. Yes, sir. . . .

"Q. What was said against making any change, do you remember? A. Some one suggested that we had agreed to stand by that verdict. . . .

"The Court: Did you feel that you were bound by that amount before you made that division?

"The Witness: That is my recollection, that is, after it was divided by twelve, that was to be the verdict. . . .

"Q. No matter what the result had been? A. Yes, sir, that was our agreement."

Such a verdict was objectionable and it may well have been the basis of the order granting the new trial. Appellant says that the evidence of several other jurors showed that the "quotient" verdict was not agreed to in advance of the computation. But the trial

court may have disbelieved them. The court was at liberty, indeed it was its duty, to adopt as true the testimony of the one witness who appeared to be telling the truth, and to disbelieve the others if their testimony seemed to the court to be uncandid or untruthful. A preponderance of evidence is not necessarily governed by the mere relative number of witnesses *pro* and *con*, since the testimony of the smaller number may be truthful and credible, and the testimony of the greater number may be discredited or untruthful. Nothing said in *Taylor v. Abbott,* 85 Kan. 198, 115 Pac. 979, gives countenance to any such heresy as that contended for by plaintiff—that the testimony "of one more juror established the preponderance." True, in that case the testimony of two jurors touching an alleged "quotient" verdict was adopted as true rather than the testimony of one juror to the contrary, but that was because the trial court gave their testimony the greater credence. In *Tidball v. Railway Co.,* 97 Kan. 396, 155 Pac. 938, the trial court approved (and this court could not disturb) a verdict for damages which rested solely on the testimony of one witness as against the evidence of four witnesses to the contrary. This court said: "But the jury chose to believe the appellee and to disbelieve the defendant's witnesses." Such is the function of the triers of fact, whether they be a jury, or the trial court sitting without a jury.

If the trial court had been timely requested to indicate what grounds of the motion for a new trial were sustained and which were overruled, the trial court should have complied. In *Bourquin v. Railway Co.,* 88 Kan. 183, 127 Pac. 770, it was said:

"A motion for a new trial on several grounds has the effect of a separate motion on each ground, and in justice to litigants the trial judge should state frankly upon the record, when granting a new trial, the specification or specifications of the motion that are sustained and those that are overruled. If this were done the litigation would be ended, in many cases, by an appeal to this court. . . . In most instances a blanket ruling is quite unfair, and justice would be promoted if the practice suggested were generally adopted." (p. 184.)

Here, however, an appeal had been taken before the appellant's motion was presented to the trial court. While the pleading was labeled, "Motion to amend and correct journal entry," it was not in fact such a motion. The journal entry was not in need of amendment; it did not contain any error in need of correction. The motion asked the court to do something in addition to what had been done, but which the court was not bound to do unless there

had been a timely request therefor.  The motion was too late—at least it was so late that this court cannot say that it was prejudicial and reversible error to deny the motion; and this compels an affirmance of the judgment.

Affirmed.