Otis Blaine Johnson and Viola H. Johnson, *Appellants*, v. The State Highway Commission of Kansas, *Appellee*.

(366 P. 2d 282)

Opinion filed November 10, 1961.

W. H. Coutts, Jr., of El Dorado, argued the cause, and W. H. Coutts, III, and Walter J. Kennedy, both of El Dorado, were with him on the briefs for the appellants.

R. A. Munroe, of Augusta, argued the cause, and W. B. Kirkpatrick, assistant attorney general, and Roy G. Lowe, of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

JACKSON, J.: This is an appeal from the district court's judgment based upon the jury's award in a landowner's appeal in a matter of condemnation by the State Highway Commission under eminent domain. Johnson, the appellant, owns a 240 acre farm lying north of U. S. highway No. 54. In improving the highway by enlarging the right of way, the commission condemned 20.31 acres along the road on the south side of the Johnson farm. The jury's verdict in the district court awarded Johnson $4,068.36, which verdict was approved by the trial court and for which a judgment was entered.

In appealing to this court from the above judgment, there has been a most serious failure to follow the rules of this court in preparing a so-called abstract. This so-called abstract is not an abstract at all; it merely contains the pleadings, journal entries and a complete transcript of the testimony as prepared by the court reporter including the title of the transcript and the certificate of the reporter at the end. All this is in direct violation of rule No. 5 of this court, 186 Kan. XI, G. S. 1949, 60-3826, and also violates the civil code, G. S. 1949, 60-3312.

The matter has been before this court before. Mr. Justice Dawson, subsequently Chief Justice, referred to such a violation of the rules in *Hughes v. Vossler*, 110 Kan. 279, 203 Pac. 1107, and said:

"On the theory that a printed transcript, incorrectly called an *abstract*, was necessary to enable this court to determine the merit of these two specified errors, we are presented with a printed document of 254 pages, not more than a mere fraction of which has the slightest relation to the matters to be reviewed. In *Bruington v. Wagoner*, 100 Kan. 439, 440, 164 Pac. 1057, it was said:

"'Ordinarily it is sheer waste of a client's money to print endless pages of conflicting testimony for presentation on appeal.'

"A printed transcript of all the testimony for plaintiff and defendant, questions and answers, material and immaterial, is very far from an abstract conforming to the code of civil procedure pertaining to appeals, as explained and interpreted in *Railway Co. v. Conlon*, 77 Kan. 324, 99 Pac. 148; *Hills v. Allison*, 79 Kan. 617, 100 Pac. 651." (p. 280.)

Here the so-called abstract amounts to 452 pages. Despite the length of the record, it does not contain any of the court's instructions to the jury and it appears that appellants made no objection to the trial court's instructions.

Appellant lists some twelve specifications of error, but argues some of them together, and some others are rather overlapping.

It will not be necessary to take up all of the specifications in this opinion although the court has laboriously examined all of them in the voluminous record furnished us.

The first matter argued in the brief is that the trial court refused to instruct the jury at the beginning of the trial and refused to allow counsel to tell the jury that they might take notes as to the evidence of the different witnesses if they so desired. Appellant refers us to *State v. Keehn*, 85 Kan. 765, 118 Pac. 851, *United States v. Chiarella*, 184 F. 2d 903, and to other cases. None of the authorities to which we have been directed would support the position of the appellant. In the Chiarella case, where Judge Learned Hand wrote the opinion, the court affirmed the instruction of a judge in a criminal case that the jury *might not take notes*. It would seem to be true that there is authority that a trial judge in his discretion may allow the jury to take notes. It will be noted in the present case that the judge said if any of the jury wanted to take notes of their own volition he would not stop them but he refused to give a preliminary instruction that they could do so. We find no reversible error in this matter.

The appellants argue the trial court erred in admitting certain maps of the new road in evidence because these maps were copies of the master map kept in Topeka, and because none of the witnesses available had made the copies or compared them with the original. The record would seem to have a short answer for this objection in the following:

"The Court: Are those the plats from which this highway was constructed?
"A. Yes."

Actually the principal question between the parties to this litigation was whether or not there was a spring located in the bed of a creek upon the land taken and whether the Johnsons were thus deprived of this spring water for their cattle. All parties agreed that the spring had gone dry at the time the land was taken by the highway commission on December 21, 1956. The commission's witnesses contended that the spring was not taken or if it was the Johnsons still had similar springs in the creek bed after it crossed the highway. This was a question for the jury under proper instructions and the jury undoubtedly resolved the question.

The commission introduced a moving picture which under the evidence was taken on January 6, 1959. The appellants argue that this picture could not be shown as a comparison of the amount of

water in the creek in December, 1956. Everyone would agree to that since 1956, which was a dry year, cannot be compared with 1959 as to amount of water since 1959 was a wet year. This moving picture and the testimony of the commission's geologist showed springs in the bed of the creek on the Johnson land after the creek had crossed the highway. The spring water seemed to be much warmer and was not frozen in January, 1959 as was the rest of the creek. This was competent evidence which tended to show that the Johnsons had not been deprived of the spring water. This was the position of the appraisers who testified at the trial.

Appellants also object that the trial court refused to strike the testimony of the three appraisers of the land when their testimony was offered by the commission on the ground that they had not followed the rule as to damages set out in the case of *Hoy v. Kansas Turnpike Authority*, 184 Kan. 70, 334 P. 2d 315. The main question seems to be on the damages allowed for a fence which, before the condemnation, separated the Johnson land from the highway. The commission allowed Johnson to move the fence back onto the part of the land not taken. The witnesses also testified concerning some alfalfa located on the land taken and that this alfalfa was included in fixing the amount of damages for the land taken. The witnesses allowed damages to the remaining land apparently for the purpose of fixing the fence. From the record of the cross examination we cannot find where the witnesses violated the rule announced by the Hoy case. Furthermore, there might be some doubt where the jury is correctly instructed on the elements of damage that, even if the testimony of the appraisers had been somewhat deficient, such testimony would be subject to being stricken. But we pass that question.

At the time of the motion for new trial, the appellants attempted to prove that the jury had misbehaved in considering the question of damages in this case. But the great weight of the evidence was to the effect that there was no "quotient verdict" rendered in the case. The members of the jury who were called to testify stated they each put down a figure representing the damages which in their opinion should be allowed and that the sum total was divided by twelve. But the testimony seemed clear that the jury did not consider this quotient arrived at as binding and took several votes as to amounts after that quotient had been secured. Under well settled rules, we cannot find reversible error from the above evi-

dence. In *Schaake v. Railway Co.*, 102 Kan. 470, 170 Pac. 804, in an eminent domain case in which the opinion was written by the late Mr. Chief Justice Johnston, the second paragraph of the syllabus reads:

"A verdict of a jury will not be set aside because in considering the amount to be allowed for the land taken, as one of the items of the total damages, each of the jurors set down his estimate of such damages and these were added together and the amount divided by twelve, where it does not appear that they agreed in advance that the result so obtained should be their finding, and where an amount differing from the result was adopted upon subsequent consideration, and also where the total amount of damages allowed was determined without resorting to the method of addition and division."

We have carefully considered the record in this case and find no reversible error. Therefore, the judgment appealed from must be affirmed. It is so ordered.