M. C. KENT v. TALLAHASSEE MOTOR COMPANY.

193 So. 821
Special Division B
Opinion Filed February 16, 1940

*Wm. C. Hodges* and *Clyde W. Atkinson,* for Plaintiff in Error;

*Oven & Oven,* for Defendant in Error.

PER CURIAM.—M. C. Kent brought an action of detinue against Tallahassee Motor Company claiming damages in the sum of $500 for the detention of one 1937 Tudor Ford sedan automobile. There were four pleas to declaration. The first and second pleas denied the detention, the third alleged that defendant was the owner of the automobile and had a right to take it and the fourth plea was one of set off. The trial resulted in a verdict for the plaintiff in the sum of $450; a motion for new trial was granted and writ of error was prosecuted.

The automobile brought in question was sold by defendant to plaintiff under conditional sales contract payments to be made monthly. The initial payment was made with Kent's old car. The first monthly payment was made late but accepted. The second payment was tendered late and

refused. Plaintiff left his automobile standing in front of defendant's place of business and in his absence, defendant took charge of and recovered ti.

Plaintiff in error contends that the fact that one payment was accepted late, he was lulled into a sense of security and should not have had his car taken from him.

There are some cases which apparently hold to this effect but the sales contract in this case provided in terms that in case of default, the seller could declare the whole amount due and repossess the property without legal process. The contract further provided that if the seller failed to promptly exercise any remedy in his favor, he should not in the future be precluded from doing so. The contract in other words provided for every step that was taken by defendant so there is no merit to this contention.

It is next contended that the order granting the new trial should be reversed because the trial court failed to state the ground or grounds on which it was granted.

Rule 74 of the common-law rules as approved September 18, 1936, requires the trial court when granting a motion for new trial to state in his order the ground or grounds upon which he grants it. The requirement of this rule is mandatory and should be observed by the trial judge unless some good reason is apparent for not doing so. In this case, we do not hold him in error for failure to observe this requirement because the record shows on its face that the verdict was fatally defective so a new trial was imperative.

The verdict merely found for plaintiff and assessed his damages. There was a failure to find and assess the value of the automobile sued for. Detinue in Florida is a pure common-law action and being so, when verdict is for the plaintiff, it is fatally defective if it fails to assess the value

of the property sued for.  Crandall, Florida Common Laws Practice, 557-558.

We accordingly affirm the order granting the new trial. Affirmed.

TERRELL, C. J., WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices CHAPMAN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.