THOMAS, Justice.
The parties litigant entered into a contract for the purchase and sale of certain real estate. The appellant, vendor, sold the property to a stranger; the appellee, ven-dee, sued for the loss of his bargain, claiming the difference between the amount he had agreed to pay and the market value of the land, together with some incidental costs.
By way of defense the appellant represented that the sale was to be completed within thirty days after the delivery by her of the abstract of title; that the ap-pellee failed to perform within the time provided^ but, on the contrary, abandoned the deal, whereupon the appellant, after incurring some expense because of the default, conveyed to another.
In reply to the answer the appellee asserted that the abstract disclosed defects in the title to the property which appellant recognized and undertook to cure, so there was no default at the time of the sale to someone else.
A jury decided the issues in favor of the appellant, but the judge granted a new trial. This appeal was taken from the order which we quote in its entirety:
“The coürt has heard and considered the arguments of counsel on the plaintiff’s motion for a new trial. The motion is granted and the clerk is directed to place the cause on the trial docket for a re-trial.
“The jury’s verdict, of course, is set aside.”
At the close of the plaintiff’s testimony the defendant had moved for a directed verdict, and at the end of all the testimoniy each party sought a directed verdict. The three motions were denied.
The appellant seeks answers from this court to two questions. By one is chai-: lenged the propriety of the order granting the new trial without' giving any reasons for the action. By the other the appellant submits that there was competent substantial testimony to withstand any effort to disturb the jury verdict.
To answer intelligently the second question would require an exploration of the record without any benefit whatever of the views the judge entertained when he decided that the case should be retried. Although we are always especially reluctant to interfere with an order granting a new trial because of the strong presumption that the discretion of the judge was properly exercised, and although we have announced that we will not interfere unless such action on his part is clearly erroneous, nevertheless we think we are entitled on all such occasions to know what reasons he had for upsetting the verdict.
Were we at this point to adhere to the ruling relating to the presumption without any regard to the rule which we will presently cite, it might appear logical merely to order an affirmance. But we must bear in mind that a litigant who has won a case before a jury and who has suffered an adverse ruling on a motion for new trial does, after all, have the right by statute to a review of the order and, except in certain circumstances, to have a judgment in his behalf entered if he demonstrates that error was committed. As we have related, the trial judge ruled on two motions of the defendant and one motion of the plaintiff that .the issues be determined by *566 the jury without any direction from the judge. After that body had decided them, the judge was confronted with a motion containing eleven reasons, or grounds, for setting the verdict aside. He believed the motion well taken so he granted it, but he did not indicate the basis for his ruling which, as we have held, he was required to do by Florida Common Law Rule 39(d), 30 F.S.A. And we do'not think this case falls within the exception that the rule may be relaxed if it appears on the face of the record that the verdict is fatally defective. In Booker v. Saunders Realty Co., Fla., 53 So.2d 912, the court held that it was error to disregard the mandate of the rule. True, the pronouncement seems to have been tempered by the statement that the court had reviewed the record, notwithstanding the deficiency in the order, had found that the case was correctly tried, and that there was sufficient evidence to support the verdict.
It seems to us now that it is time to decide, point-blank, the efficacy of a simple order granting a motion for a new trial without any intimation of the supposed defect that motivated the judge. We have reached; the view that we are not obligated to grope through the record, without the aid of the judge’s reasoning, to see if he was, or was not, justified in his ruling. If such is our duty, then the rule means little or nothing.
We think a fair construction requires us to say that if the sturdy presumption in favor of the judge’s order is to prevail, the reasons for the order must be recorded. We are not deterred by the argument in appellee’s brief that in ruling thus we would approve “a means by which the lowef court [could] irrevocably defeat a successful movant for a new trial from having any appellate recourse,” or that one need suffer from a faulty order for which he had no responsibility. We assume rather that the trial judges will gladly abide by the rule and that if an order should be inadvertently entered lacking the information about the grounds ón which the judge thought it was firmly based, the judge would ■cheerfully supply it upon request. This occurs to us as the only sensible conclusion if we are at once to preserve the rule and to continue honoring the presumption in favor of the order.
We fully comprehend the appellee’s complaint that by such a ruling he will be victimized by the deficiencies in the order but we must not forget that the appellant won her case before the jury despite two efforts on the part of her adversary to have the judge direct the jury to decide the controversy in his behalf. We think it is only fair to remark that the appellee could not fully escape responsibility for the order inasmuch as it was entered in his favor and any confusion from a disregard of the rule, with which the appellee was unquestionably familiar, could have been avoided by the simple request that the judge indicate the grounds on which the appellee, despite the verdict, was entitled to a retrial.
The order is reversed with directions to enter a judgment consistent with the verdict.
Reversed.
ROBERTS, C. J„ SEBRING, J., and PATTERSON, Associate Justice, concur-