110 So.2d 88 (1959)
Spencer MEANS, Sr., Appellant,
v.
Leslie Eugene DOUGLAS, Appellee.
No. A-307.
District Court of Appeal of Florida. First District.
March 31, 1959.
William M. Howell and Philip A. Webb, III, Jacksonville, for appellant.
*89 Maurice Wagner, Daytona Beach, for appellee.
PEARSON, TILLMAN, Associate Judge.
This appeal arises out of an order of the trial judge granting to the defendant a new trial as to damages only. The plaintiff was awarded a jury verdict in an action brought for personal injuries received when his bicycle was struck by defendant's truck. Defendant moved for a new trial and plaintiff moved for final judgment and costs. The court entered the following order:
"This cause coming on to be heard before me this 7th day of January, 1958, at the hour of 11:00 a.m. in Chambers at Daytona Beach, Florida, the Court having heard the argument of counsel for the respective parties and being otherwise fully advised in the premises and the Court being of the opinion that the Defendant's Motion for a New Trial with regards to question of negligence ought to be denied but that the Defendant's Motion for a New Trial with regard to the question of damages is well taken, then it hereby
"Ordered, Adjudged and Decreed:
"1. That the Defendant's Motion for a new trial with respect to the question of negligence be and the same is hereby denied.
"2. That the Defendant's Motion for a new trial with respect to damages be and the same is hereby granted.
"It is further
"Ordered, Adjudged and Decreed that the Plaintiff's motion for taxation of costs, and Final Judgment on the question of negligence of the Defendant be and the same is hereby sustained and on the question of damages and costs incurred by the Plaintiff incident to the trial be and the same is hereby denied."
The defendant filed a notice of appeal and assigned as error that portion of the court's order which denied his motion for new trial on all the issues involved. The plaintiff as cross-appellant filed a notice of appeal and assigned as error that portion of the court's order which granted defendant's motion for a new trial on the issue of damages.
Since the notice of appeal filed by the defendant-appellant is directed to the above quoted order it is necessary, first, to determine whether it is a final judgment. Insofar as the defendant was concerned it was not, because it determined only the issue of liability, thus leaving further judicial labor for the court. See Slatcoff v. Dezen, Fla. 1954, 72 So.2d 800 and cases cited therein.
Therefore, if the defendant-appellant is to appeal he must find his authority under § 59.04 Fla. Stat., F.S.A., which grants the right of appeal, under certain conditions from an order granting a new trial. But the correctness of an order of the trial court denying a motion for new trial can only be assigned upon an appeal from the final judgment. Koch v. State Road Department of Florida, Fla. 1958, 106 So.2d 426 and authority therein cited.
The plaintiff-cross-appellant had authority to appeal the above quoted order under § 59.04 Fla. Stat., F.S.A., because he is the aggrieved party upon the entry of the order granting a new trial. His right to appeal is conferred by a specific statute, which creates an exception to the general rule that appeals at law lie only from final judgments.
Further, the order granting the new trial upon the issue of damages must be set aside because the order fails to indicate the particular ground or grounds upon which the motion was granted, as required by § 59.07(4) Fla. Stat., F.S.A., and Rules 2.6(d) and 2.8(c), Florida Rules of Civil Procedure, 31 F.S.A. Booker v. Saunders Realty Co., Fla. 1951, 53 So.2d 912; Ebersole *90 v. Tepperman, Fla. 1953, 65 So.2d 564; cf. Kent v. Tallahassee Motor Co., 141 Fla. 789, 193 So. 821.
For the reasons set forth the appeal of Spencer Means, Sr., defendant in the trial court, is dismissed, sua sponte, and upon the cross appeal of Leslie Eugene Douglas, plaintiff in the trial court, the order granting to the defendant a new trial with respect to damages is set aside. This cause is remanded with directions to enter judgment for the plaintiff upon the verdict of the jury.
Reversed and remanded.
WIGGINTON, Acting Chief Judge, and CROSBY, HAROLD, Associate Judge, concur.