122 So.2d 240 (1960)
Allen FULTON and R.K. Cooper, Inc., a Florida Corporation, Appellants,
v.
POSTON BRIDGE & IRON, INC., a Florida Corporation, and Poston Equipment Rentals, Inc., a Florida Corporation, Appellees.
No. 59-632.
District Court of Appeal of Florida. Third District.
July 21, 1960.
*241 Gotthardt, Christie & Shepard and Edward M. Stein, Miami, for appellants.
Leonard H. Wolf, Miami, for appellees.
CARROLL, CHAS., Judge.
In a jury trial in a law action in the circuit court a verdict for defendants was directed. Thereafter, on motion of the plaintiffs, a new trial was granted. The defendants appealed.[1]
The order for new trial was entered on August 27, 1959. It did not state the ground or grounds upon which it was granted, as required by statute,[2] and a rule of procedure.[3]
Within the sixty day period for appeal, on October 19, 1959, the defendants filed a notice of appeal, and within ten days thereafter as required by rules 3.5, subd. a and 3.6, subd. d(1) of the Florida Appellate Rules, 31 F.S.A., appellants served and filed an assignment of error and directions to the clerk for making up the record on appeal.
Appellants' single assignment of error challenged the order granting new trial for its failure to state the grounds thereof.[4] The directions to the clerk, tailored to that limited attack on the order, related only to the pleadings, the verdict, the motion and order for new trial, and *242 the appeal papers. No part of the transcript of the trial proceedings was directed to be included. Thus the appeal was designed and set to take advantage of the failure of the order granting new trial to state its grounds, and the appellants had not filed other assignments or arranged for preparation of a record on which other questions could be raised.[5] On that state of the record, the appellants were in a position to insist on a reversal of the order granting the new trial, on authority of Kent v. Tallahassee Motor Co., 141 Fla. 789, 193 So. 821; Booker v. Saunders Realty Co., Fla. 1951, 53 So.2d 912; Ebersole v. Tepperman, Fla. 1953, 65 So.2d 564; Means v. Douglas, Fla.App. 1959, 110 So.2d 88.
However, almost a month after the appeal was taken, and more than two weeks after the limited nature of the appeal had been set by the appellants' assignment of error and directions to the clerk, the trial court, acting on plaintiffs' motion, entered an order on November 13, 1959, the stated purpose of which was to clarify and amend the August 27 order granting new trial, by assigning a ground for the latter order, namely "that the record contained sufficient evidence on the question of the defendants' negligence so as to be submitted to the jury, as well as the question of the plaintiffs' actions constituting contributory negligence barring the plaintiffs from recovery."
That subsequent order of November 13, 1959, as was pointed out in appellants' reply brief, has not properly been made a part of the record of this case. We refer to it here because a certified copy of the order is in the file of the case in this court, having been forwarded by counsel for plaintiffs under the mistaken impression that it was required or entitled to be filed here in that manner under rule 3.8 of Florida Appellate Rules.
The addition by the trial judge at that late date, of a reason for his order granting a new trial, was ineffective to cure the error which resulted from the failure to state in the initial order the grounds upon which it was made.
We have not overlooked the statement in the opinion in the case of Ebersole v. Tepperman, supra, [65 So.2d 564] where, with reference to an order for new trial which gave no grounds or reasons, the Supreme Court said: "We assume rather that the trial judges will gladly abide by the rule and that if an order should be inadvertently entered lacking the information about the grounds on which the judge thought it was firmly based, the judge would cheerfully supply it upon request." Recognizing, as did the Supreme Court, that a timely amendment to such an order to state the grounds upon which it was based, would be effective and tend to aid the administration of justice, after an appeal has been taken from the order for new trial such an amendment to add grounds to it is not timely and comes too late. Hughes v. Vossler, 110 Kan. 279, 203 P. 1107; Likas v. Lackey, 186 N.C. 398, 119 S.E. 763; 4A C.J.S. Appeal and Error § 617. See Banning v. Brown, 73 Fla. 54, 74 So. 23; McCormick v. State, 153 Fla. 838, 16 So.2d 49.
Applicable here is the statement contained in the section of Corpus Juris Secundum cited above, to the following effect:
"While the appellate proceeding may cause the trial court to lose jurisdiction of the case it still retains jurisdiction of its record, if a court of record, and has inherent power to correct it, including the proper entry of judgment. This rule permits amendment of the record in the case of misprision of the clerk or where, through inadvertence or mistake, some matter has been omitted from the record, or some untrue statement inserted, or where the judgment entered *243 contains misrecitals, and in other like cases. The power of correction is confined, however, to showing correctly the history of the proceedings before the appeal, and the lower court has no jurisdiction, pending an appeal by amendment of the record or proceedings or otherwise, to change the status of the case or to interfere with the rights of parties under the judgment or order."
Jurisdiction and control over the record which continues in the trial court during a portion of the pendency of an appeal, as provided for in rule 1.38, F.R.C.P., and rule 3.8, F.A.R., relate to corrections of the record or making the record show the truth as to the history of the proceedings before the appeal, and those rules do not authorize, after appeal, the making of orders to change the legal effect of the orders or judgments from which the appeal has been taken or to change the status of the case so as to interfere with the rights of an appellant as he may have asserted them on appeal.
The direction in § 59.07(4), Fla. Stat., F.S.A., and rule 2.6(d), F.R.C.P., that "the trial judge shall indicate in the order granting said motion [for new trial] the particular ground or grounds upon which said motion was granted" is mandatory, and while there may be exceptions to the requirement for strict observance of this rule (Kent v. Tallahassee Motor Co., supra), the record in this case furnishes no basis to excuse non-compliance. It is unfortunate that the plaintiffs after having succeeded on their motion for new trial should be deprived of that success because of a deficiency in the order granting their motion. But the position of the adverse parties must not be overlooked. The defendants held the benefit of a verdict directed in their favor, and they were entitled to challenge the order which would take that away, if it was defective. It was the duty of counsel as well as the court to see that the order was in proper form and content, and to make timely application to the trial judge prior to the filing of the notice of appeal, to assign the reasons or grounds, and thus to eliminate the deficiency in the order granting a new trial which resulted from its failure to indicate the ground or grounds on which it was granted. See Ebersole v. Tepperman, supra.
The order is reversed with directions to enter an order consistent with the verdict.
Reversed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] Appeals from such orders are allowed under § 59.04, Fla. Stat., F.S.A.
[2] Section 59.07(4), Fla. Stat., F.S.A., provides:

"In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal."
[3] Rule 2.6(d) of the 1954 Florida Rules of Civil Procedure, 31 F.S.A., reads:

"In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted."
[4] The assignment of error read:

"The trial court erred in entering its order granting a new trial dated August 27, 1959, without specifying or indicating in the said order the particular ground or grounds upon which the motion for new trial was granted, in violation of F.S.A. 59.07(4), or in violation of Florida Rule of Civil Procedure 2.6 (d)."
[5] Under the statute, shown in footnote No. 2, supra, in the absence of grounds in the order, no other questions could be raised and argued.