141 So.2d 806 (1962)
JOHN J. MORTON, APPELLANT,
v.
ELMO STAPLES, FRANK CRAWFORD, AND GULF COAST STEEL BUILDINGS, INC., APPELLEES.
No. D-215.
District Court of Appeal of Florida, First District.
May 31, 1962.
Coe & Coe, Pensacola, for appellant.
Appellees not represented.
RAWLS, Judge.
Appeal, by plaintiff below, from the circuit judge's order granting a new trial.
Plaintiff was awarded judgment in a common law action tried on the merits before the circuit judge sitting without a jury. On motion timely filed by defendant, the trial judge granted a new trial. The order granting a new trial failed to state the ground or grounds therefor.
The sole point presented is the validity of an order granting a new trial when it fails to contain the ground or grounds for so granting. The law is well settled that such an order is not valid.
F.S. § 59.07(4), F.S.A., provides:
"In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new *807 trial, shall be considered as arguable upon said appeal."
Rule 2.6(d) F.R.C.P., 31 F.S.A., provides:
"In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted."
Cases construing the above statute and rule clearly hold that such an order must be set aside. In Means v. Douglas[1] it is stated:
"Further, the order granting the new trial upon the issue of damages must be set aside because the order fails to indicate the particular ground or grounds upon which the motion was granted, as required by § 59.07(4) Fla. Stat., F.S.A., and Rules 2.6(d) and 2.8(c), Florida Rules of Civil Procedure, 31 F.S.A. Booker v. Saunders Realty Co., Fla. 1951, 53 So.2d 912; Ebersole v. Tepperman, Fla. 1953, 65 So.2d 564; cf. Kent v. Tallahassee Motor Co., 141 Fla. 789, 193 So. 821."
Fulton v. Poston Bridge & Iron Inc.[2] involved a common law jury trial wherein the trial judge directed a verdict for the defendants. Thereafter, on motion of the plaintiffs, a new trial was granted. The order granting a new trial failed to state the grounds therefor. Some two and a half months subsequent to directing the verdict and during appeal, the trial court entered an order, the stated purpose of which was to clarify and amend the order granting a new trial. In setting aside the order granting a new trial and reinstating the verdict, the court stated:
"The direction in § 59.07(4), Fla. Stat., F.S.A., and rule 2.6(d), F.R.C.P., that `the trial judge shall indicate in the order granting said motion [for new trial] the particular ground or grounds upon which said motion was granted' is mandatory, and while there may be exceptions to the requirement for strict observance of this rule (Kent v. Tallahassee Motor Co., supra), the record in this case furnishes no basis to excuse non-compliance."
For additional authority see Gaskill v. Montague, 128 So.2d 420 (Fla.App.3rd, 1961), and Ponte v. Lattin, 135 So.2d 260 (Fla.App.3rd, 1961).
The order granting a new trial is reversed with directions to reinstate the judgment.
WIGGINTON, Acting C.J., and STURGIS J., concur.
NOTES
[1] Means v. Douglas, 110 So.2d 88 (Fla. App.1st, 1959).
[2] Fulton v. Poston Bridge & Iron Inc., 122 So.2d 240 (Fla.App.3rd 1960).