CALDWELL, Justice.
Petitioner by writ of certiorari seeks review of a decision of the District Court of Appeal, Second District, which affirmed the lower court’s granting a new trial without specifying the grounds therefor. The facts of the case appear in the District Court’s opinion.[1]
Conflict is alleged with the decisions of other district courts of appeal and with pri- or decisions of this Court to the effect that a new trial order must specify the particular grounds upon which it is granted. We find jurisdiction under Fla.Const., Art. V, § 4(2), F.S.A.
Florida Statute, Section 59.07(4), F.S.A. and Rule 2.6(d),[2] Florida Rules of Civil Procedure, 31 F.S.A., require that when the trial court enters an order granting the motion for a new trial he shall indicate in the order the particular ground or grounds upon which the motion was granted.
The decision under review affirmed the order granting a new trial which did not set out the grounds therefor, upon the theory of the exceptions supposedly made in the cases of Kent v. Tallahassee Motor Co., 141 Fla. 789, 193 So. 821 (1940) and Booker v. Saunders Realty Co., 53 So.2d 912 (Fla.1961).
We are of the opinion that the requirement that the trial judge indicate the particular grounds upon which a new trial is ordered is mandatory.'[3] The record in this cause furnished no basis upon which noncompliance may be excused.
Petition for writ of certiorari is granted. The judgment of the District Court of Appeal, Second District, is quashed and the cause remanded for entry of an order in accordance with this opinion.
ROBERTS, C. J., and TERRELL, THOMAS, THORNAL and O’CONNELL, JJ., concur.
DREW, J., concurs specially with opinion.

. 142 So.2d 745 (Fla.App.1962).

. Effective July 1, 1962, Rule 2.6, F.R. C.P., was amended by deleting paragraph (d) which is now paragraph (f) of Rule 2.8, F.R.C.P., amended. See, In re Florida Rules of Civil Procedure, 139 So.2d 129 (Fla.1962).

. Ebersole v. Tepperman, 65 So.2d 564 (Fla.1953); Morton v. Staples, 141 So.2d 806 (Fla.App.1962); Webb City, Inc. v. Lugerner, 138 So.2d 531 (Fla.App.1962); Gaskill v. Montague, 128 So.2d 420 (Fla.App.1961); Fulton v. Poston Bridge & Iron, Inc., 122 So.2d 240 (Fla. App.1960); Means v. Douglas, 110 So.2d 88 (Fla.App.1959).