TILLMAN PEARSON, Judge.
The plaintiff, appellant, received a judgment after a non-jury trial. The defendant filed a motion for a new trial pursuant to Rule 2.8, Fla.R.Civ.P., 31 F.S.A., and, in addition, filed a motion to set aside judgment pursuant to Rule 1.38(b), Fla. R.Civ.P., 30 F.S.A. Thereafter, the Court entered an order, which we construe as being entered pursuant to Rule 1.38(b), vacating the judgment and granting a new trial on one issue in the case. We hold that the entry of the order pursuant to Rule 1.38, Fla.R.Civ.P., was an abuse of discretion and reverse.
The order entered by the trial court is as follows:
“THIS CAUSE having come on to be heard before the Court on the Motions of the Defendants to Set Aside the Judgment entered in this cause on December 11, 1964, and for a New Trial, and the Court having considered the Affidavits submitted by the Defendants, together with the itemized exhibits attached to said Motions on file in this cause, and having heard the argument of counsel for the respective parties, and being otherwise duly advised in the premises, upon consideration, it is
“ORDERED AND ADJUDGED that the Defendants Motions for Vacation of the Judgment entered herein on December 11, 1964, and for a new Trial in this cause, be, and the same are hereby granted solely on the issue of Ownership.”
“The issue of ownership” referred to in the Court’s order appears in the pleadings. The plaintiff alleged that at all times material the defendant, appellee, was the owner of a 1959 Miller Trailer, Engine or I.D. No. H-1796, and that at all times material the said defendant had control and management of the trailer described. The plaintiff then alleged an injury as a result of a defect in the trailer, and his recovery was upon a liability thus established. The defendant’s answer specifically denied the allegations relative to ownership and control. The issue was tried. At the trial, the identity of the trailer was established by testimony as to the license tag on the trailer and by the records of the Florida Motor Vehicle Commission certifying that the trailer bearing that license was a 1959 Miller Trailer belonging to the defendant, ap-pellee. The defendant vigorously contested this issue and maintained, through the testimony of its president, that the only trailer that it owned answering the description given was not in the State of Florida at the time of the accident.
It affirmatively appears from the recitations in the trial court’s order that the order was entered upon defendant’s motion to set aside judgment pursuant to Rule 1.38(b), Fla.R.Civ.P. Nevertheless, the defendant, appellee, has maintained that the order could have been properly entered by the court pursuant to its motion for a new trial, which was made pursuant to Rule 2.8, Fla.R.Civ.P. We dispose of this contention upon the basis that the recitation in the order shows otherwise, and upon the additional fact that if we consider the order as being made pursuant to Rule 2.8, it would be necessary to reverse it because the order fails to recite the ground upon which the new trial is granted. See, Fla.Stat., § 59.07(4), F.S.A., Hammett v. Lyte Lyne, Inc., Fla.1963, 150 So.2d 235.
*713 We turn then to an examination of the defendant’s motion pursuant to Rule 1.38 (b) to determine whether the ground set forth in said motion was sufficient to afford a basis for the trial judge to enter an order setting aside the judgment and ordering a new trial. The grounds listed in Rule 1.38(b), Fla.R.Civ.P., are:
“(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.”
The defendant, appellee, alleged in his motion that “defendant’s counsel did not have available at the time of trial certain letters and/or documentary evidence to sustain the position of the defendants.” It will be observed that this ground fails to meet the requirement for a motion pursuant to ground number 2 of the rule, which deals with newly discovered evidence. There is nothing in the .motion, or in the letters and exhibit attached to it, to indicate that the exhibits were not or could not have been readily available at the time of the trial.
We are mindful of the great service to justice which may be rendered by remedying miscarriages of justice pursuant to Rule 1.38. Nevertheless, for the orderly administration of justice, it is imperative that the rule be followed. To hold, as suggested by the appellee, that in every case where the trial court feels a retrial would be beneficial the court has grounds to set aside the final judgment would destroy, to a large degree, the finality of judgments.
For the reasons stated, the order granting defendant’s motion to set aside the final judgment is reversed, and this cause is remanded with directions to reinstate the final judgment.
Reversed and remanded.