BARKDULL, Judge.
Appellant seeks review of an order of the trial court granting the appellee a new trial in an action whereby the appellee sought recovery on an insurance contract.
The appellant issued to the appellee a policy of insurance on the contents of- its dress shop, located in the basement level of the Beau Rivage Hotel, Miami Beach. Said policy insured the contents of the shop against loss by fire, with extended coverage against windstorm, hail, etc. On the nights of September 7th and 8th, 1965, hurricane “Betsy”, struck south Florida and, during said storm, the windows in the ap-pellee’s shop were broken and the goods remaining therein were destroyed. As a result of the aforementioned, the appellee brought the instant action seeking recovery under the terms of the policy, alleging loss was caused by windblown rain. The appellant contended the loss was occasioned by flooding from the ocean, which was excluded under the terms of the policy. The cause proceeded to jury trial and, at the conclusion of the appellee’s case, the trial court [pursuant to the appellant’s motion] directed a verdict for the appellant. The appellee filed a motion for new trial containing fourteen grounds. The court, upon hearing thereon, entered an order granting same, as follows:
* * *
“CONSIDERED, ORDERED AND ADJUDGED that said Motion for New Trial be, and the same is hereby granted.”
* * *
Upon this appeal, the appellant contends that the trial court erred in failing to include the specific ground upon which the motion for new trial was granted, and that the record adequately supported the directed verdict in the first instance as it was impossible to ascertain what caused the damage to the plaintiff’s property.
Pursuant to a long line of authorities, we are required to reverse the trial judge in granting the new trial for failure to specify the grounds. See: Booker v. Saunders Realty Co., Fla.1951, 53 So.2d 912; Ebersole v. Tepperman, Fla.1953, 65 So.2d 564; Means v. Douglas, Fla.App.1959, 110 So.2d 88; Fulton v. Poston Bridge & Iron, Inc., Fla.App.1960, 122 So.2d 240; Gaskill v. Montague, Fla.App. 1961, 128 So.2d 420; Ponte v. Lattin, Fla.App.1961, 135 So.2d 260; Morton v. Staples, Fla.App.1962, 141 So.2d 806; Hammett v. Lyte Lyne, Inc., Fla.1963, 150 So.2d 235; State Road Department v. Mutillo, Fla.App.1963, 155 So.2d 179; Hall v. American Distributing Corp., Fla.App.1966, 181 So.2d 711; § 59.07(4) Fla.Stat., F.S.A.; Rule 2.8(f) Florida Rules of Civil Procedure, 31 F.S.A.
In view of our determination that the order under review must be reversed for failure to include the ground upon which it is granted, we see no need to discuss the other point urged by the appellant.
Therefore, the order here under review is hereby reversed, with directions to the trial judge to reinstate the final judgment in favor of the appellant upon the directed verdict.
Reversed and remanded, with directions.