SPECTOR, Judge.
Appellants were plaintiffs in an action they brought against their insurance agent alleging damages resulting from his failure to procure a fire insurance policy. Appellants’ house burned down and when the agent was first told about the loss he assured appellants that it would be taken care of, but later he advised appellants that coverage had not been obtained.
The jury found for the appellants and judgment was entered pursuant to the verdict for $4,000 on May 22, 1967. The defendant thereafter made a motion for a new trial which was granted by the lower court.
The question presented for our consideration by the appellants is whether the order granting a new trial was correctly entered. Upon our consideration of this question as presented by appellant, we discovered a possible jurisdictional question which we felt was required to be considered even though it was not raised by appellants since jurisdiction is a matter which cannot be waived by the parties merely by ignoring or otherwise not raising the issue. Demeter Land Co. v. Florida Public Service Co., 99 Fla. 954, 128 So. 402 (1930); Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656 (1903); and Walton v. Walton, 181 So.2d 715 (Fla.App.1966). Accordingly, the court on its own motion entered an order requesting counsel to submit briefs on the jurisdictional question inherent in the appellee’s motion for new trial and the lower court’s order granting the new trial.
The briefs have now been received and our consideration of them confirms our earlier concern about our authority to uphold the order on appeal because the lower court was without jurisdiction to enter it in the circumstances reflected by the record on appeal.
A summary of the events which occurred in the trial court after the rendition of the judgment which led to the entry of the ultimate order granting a new trial is appropriate at this juncture.
As we indicated earlier, the judgment was rendered on May 22, 1967. The record on appeal as initially filed in this court reflects that on June 24, 1967, defendant served his motion for new trial. Rule 1.530(b), Florida Rules of Civil Procedure, 31 F.S.A., provides as follows:
“(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than ten days after the rendition of verdict or the entry of judgment. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.” (Text of rule prior to current revision.)
Applying the ten-day time limit designated by the foregoing rule to the judgment entered on May 22, 1967, a motion for new trial would have to have been served on or before June 1, 1967. The record on appeal indicates that the motion was filed June 24, 1967, some three weeks after the time provided by the rule. In Kippy Corporation v. Colburn, 177 So.2d 193 (Fla.1965), the Supreme Court held that both trial and appellate courts are limited by rule and statute as to the time and manner in which the power to correct errors in final orders may be exercised. In so holding, the court characterized the function of correcting errors in final judgments as jurisdictional by the following language at page 196:
“ * * * If the correction of error is not sought within the time and manner provided the court involved has no authority to act and insofar as that court is concerned the matters decided are finally ended.”
Application of the rule expressed in the Kippy Corporation case, supra, to the record on appeal as initially filed in this court would require us to rule that the *41 lower court was without jurisdiction to entertain appellee’s motion for new trial because it was not timely made. That might well be the end of it insofar as the initial record on appeal is concerned. However, with due consideration to appellee and the posture in which he finds himself on the jurisdictional question, we deem it necessary to take cognizance of the fact that the appellants did not raise the jurisdictional question. This was done by the court sua sponte. At the time appellants filed their assignments of error, they raised no jurisdictional issue as to the trial court’s power to consider the new trial motion and so the appellee was not then placed on notice that any such issue was involved. It is apparent then that the appellee had no occasion to concern himself with establishing a jurisdictional basis for the order granting him a new trial by seeing to it by appropriate . cross directions to the lower court clerk that his original motion for new trial was included in the record oil appeal.
It was only after appellee filed his brief on the jurisdictional question in response to our request that we first learned that the motion for a new trial which was served on June 24, 1967, actually was an amended or successive motion for new trial and that it had been preceded by an earlier motion for new trial which was served on May 24, 1967, only two days after judgment and therefore in conformance with the time limitations prescribed by Rule 1.-530(b), Florida Rules of Civil Procedure. By his brief, appellee has requested leave to supplement the record on appeal by reflecting therein a certified copy of the timely motion for new trial; and having received said copy from the clerk, we think it proper to permit the supplementation at this time since appellee was not on notice that there existed a question as to the timeliness of his motion until we brought it to the surface.
After supplementing the record on appeal, it appears that the motion for new trial made in behalf of appellee was timely. Moreover, it further appears that the amended motion for new trial which was served on June 24, 1967, was permissible under Rule 1.530(b) since the earlier motion had not yet been determined by the trial court. Such determination was not made until July 28, 1967, at which time the trial court granted the motion for new trial. Said order was filed the next day, July 29, 1967.
Rule 1.530(f), Florida Rules of Civil Procedure, provides as follows:
“(f) Order Granting to Specify Grounds. All orders granting a new trial shall specify the particular and specific grounds therefor.” (Text of rule prior to current revision.)
The order of July 28, 1967, was fatally defective because it failed to specify the,grounds upon which it was based as required by Rule 1.530(f). Failure to comply with this requirement is reversible error. Hammett v. Lyte Lyne, Inc., 150 So.2d 235 (Fla.1963); Morton v. Staples, 141 So.2d 806 (Fla.App.1962); Travelers Indemnity Co. v. Mary Boutique, Inc., 198 So.2d 343 (Fla.App.1967).
Perceiving that there were defects in the new trial order of July 28 because of the failure to state the grounds on which it was based, appellants filed a motion on August 25, 1967, styled “Motion for Re-Hearing Defendant’s Motion for New Trial.” Although there does not appear to be authority for such rehearing procedure [see Volumes in Value, Inc. v. Buy Mail International, Inc., 177 So.2d 511 (Fla.App.1965)], the trial court entered its amended order on September 16, 1967, pursuant to appellants’ motion for rehearing and attempted to cure the deficiency in the earlier order of July 28 by setting forth therein the grounds upon which it was based as required by Rule 1.530(f). Thus the corrective action by which it was attempted to validate an earlier erroneous order occurred some six weeks after the defective order was entered.
*42 In Lehman v. Spencer Ladd’s, Inc., 182 So.2d 402 (Fla.1965), the Supreme Court ruled that an order granting a new trial but which was defective because of the failure to state the grounds on which the motion was granted could not be corrected after ten days. Thus it appears to us that the lower court was without jurisdiction to correct the order granting a new trial at that late date.
Accordingly, the order granting a new trial is reversed, and the final judgment entered pursuant to the jury’s verdict is reinstated.
RAWLS, Acting C. J., and JOHNSON, J., concur.