248 So.2d 242 (1971)
Haskell LIBERMAN and Leatrice Liberman, Ludlum Enterprises, Inc., Ludlum Plaza North, Inc., Appellants,
v.
Paul RHYNE, d/b/a Paul Rhyne Plumbing Contractors, Appellee.
Nos. 70-937, 70-1051.
District Court of Appeal of Florida, Third District.
April 27, 1971.
Rehearing Denied June 9, 1971.
*243 Harold Ungerleider, Miami, and Daniel I. Wincor, Miami Beach, for appellants.
Blackwell, Walker & Gray and J. Frost Walker, III, Miami, for appellee.
Before HENDRY and SWANN, JJ., and CULLEN, RALPH O., Associate Judge.
PER CURIAM.
Paul Rhyne d/b/a Paul Rhyne Plumbing Contractors, sued Haskell Liberman and Leatrice Liberman, Ludlum Enterprises, Inc. and Ludlum Plaza North, Inc. Plaintiff alleged generally, in the first count, that he had supplied plumbing work and fixtures at the request of defendants and that there was an unpaid balance due of $51,387, pursuant to contracts attached to the complaint and that defendants had admitted these obligations pursuant to a letter, also attached, but that they had failed and refused to pay the balance due. In Count Two plaintiff alleged that Haskell Liberman and Leatrice Liberman, his wife, executed a promissory note in the sum of $15,000 and that they had failed to pay the note when it was due. Plaintiff demanded judgment against the defendants, together with interest and attorneys' fees.
The defendants filed an answer which denied the allegations contained in Counts One and Two of the complaint, together with a motion to dismiss and a "motion to dissolve attachment and traverse". See § 673.307(1) and (2), Fla. Stat., F.S.A., as they pertain to the suit on the promissory note. In the sworn motion to dissolve the attachment Haskell Liberman admitted that he was the President of the corporate defendants.
After some skirmishing over the pleadings, plaintiff moved for a summary final judgment based on the pleadings and affidavits filed in the cause. A hearing on the motion was scheduled and held on March 30, 1970 at 11:00 A.M. The record reflects that an affidavit in opposition to the motion for summary judgment was filed by *244 the defendant Haskell Liberman, individually, and as an officer of the corporate defendants at 11:06 A.M. on March 30, 1970. No affidavits were filed by Leatrice Liberman. The certificate of service indicates that the affidavit was served by mail on March 27, 1970.
The court did not rule on the motion at that time. Thereafter, plaintiff took and filed the discovery deposition of Haskell and Leatrice Liberman and one Thomas Pfeifer. On June 22, 1970, the trial court rendered a "partial summary final judgment". The defendants appealed from that judgment on September 3, 1970.
On September 29, 1970, the trial court rendered a "partial summary judgment" nunc pro tunc to the 22nd day of June, 1970. This summary judgment was exactly the same as the partial summary judgment rendered June 22, 1970, except the name of one of the corporate defendants was corrected from Ludlam Plaza North, Inc. to Ludlum Plaza North, Inc.
On October 13, 1970, another trial judge entered an order, ex parte, which temporarily enjoined certain of these defendants from selling or disposing of a mortgage which was reputed to be, and apparently is, the purchase money mortgage derived from the sale of the real property which was the subject matter of the attachment by the plaintiff. Defendants have taken an interlocutory appeal from the orders of September 29 and October 13, 1970. Their full appeal and interlocutory appeal have been consolidated for appellate purposes and will be considered and discussed herein.
We find no error in the order of September 29, 1970, which corrected the misspelled name of one of the corporate defendants from Ludlam to Ludlum Plaza North, Inc. See Fulton v. Poston Bridge & Iron, Inc., Fla.App. 1960, 122 So.2d 240; and Annot., 10 A.L.R. 526, 575.
The order of October 13, 1970 is erroneous and is reversed. The trial court has no authority after a notice of appeal has been filed to change the status of a case or to interfere with the rights of a party under the judgment. The trial court retains jurisdiction of the cause only to correct the record and it may not take any action affecting the subject matter of the appeal. See Fulton v. Poston Bridge & Iron, supra; and Mandrachia v. Ravenswood Marine, Inc., Fla.App. 1960, 118 So.2d 817. In addition, it appears the provisions of Rule 1.610(a) and (b), R.C.P., 31 F.S.A., were violated by the issuance of the order of October 13, 1970, which temporarily enjoined certain defendants from selling or disposing of the mortgage.
The "partial summary final judgment" of June 22, 1970 transgresses the rule pronounced in Fontainebleau Hotel Corp. v. Young, Fla.App. 1964, 162 So.2d 303. This "partial summary final judgment" was in the form of a final judgment upon which execution was authorized to issue. This may not be done in a "partial summary judgment". See Rule 1.510(d), R.C.P. The summary final judgment of June 22, 1970 must be reversed and the cause remanded.
In remanding the cause we find no error in the ruling that there was no genuine issue of material fact sufficient to preclude a summary judgment. Assuming arguendo, that the affidavit in opposition to the motion for summary judgment was properly filed by Haskell Liberman, it is clear that he attempted to raise affirmative defenses in the opposing affidavit. This may not be done as affirmative defenses must be raised in the answer or pleadings of the defendants and may not be raised by an opposing affidavit. See Wingreen Company v. Montgomery Ward & Co., Fla.App. 1965, 171 So.2d 408.
The depositions relied upon by the defendant for reversal of the "partial summary final judgment" were taken and filed subsequent to the hearing on March 30, 1970 and under these circumstances may not be considered on the motion for summary judgment. Cf. Siciliano v. Hunerberg, *245 Fla.App. 1961, 135 So.2d 750. The only documents which may be considered by the court on the motion for summary judgment are those which have been filed at the time of the motion unless the court reserves jurisdiction in order to permit additional pleadings, affidavits, or discovery to be taken and filed. This was not done in this case.
The trial court is, therefore, authorized to enter a "partial summary judgment" in accordance with the rule pronounced in Fontainebleau Hotel Corp. v. Young, supra, and to withhold the entry of a judgment, final in form, until such time as the issue of the right to recover and reasonable amount of the attorneys' fees has been established.
Accordingly, the judgment dated September 29, 1970 is reversed and remanded with instructions to enter an order in the proper form; the order dated October 13, 1970 is reversed; the "partial summary judgment" dated June 22, 1970 is reversed and the cause is remanded with instructions to proceed in accordance herewith.
It is so ordered.