249 So.2d 30 (1971)
Agnes MARLEY, a Widow, Petitioner,
v.
Thadius James SAUNDERS and Dade County, Respondents.
No. 40499.
Supreme Court of Florida.
May 19, 1971.
Rehearing Denied June 21, 1971.
*31 Donald Feldman of Feldman & Abramson, Miami, for petitioner.
John E. Finney and Sam Daniels, Miami, for respondents.
MASON, Circuit Judge.
We granted the petition herein for writ of certiorari to the District Court of Appeal, Third District of Florida, to review an order of that court dismissing the appeal filed therein by the petitioner. We have conflict jurisdiction under the provisions of Section 4(2), Article V of the Constitution of the State of Florida, as revised in 1968, F.S.A.
Agnes Marley, petitioner herein, filed suit against the respondents, Saunders, the driver of a Miami Transit Authority bus, and Dade County, as owner of the bus, alleging in her complaint that the negligent operation of the bus by Saunders resulted in personal injuries to her. Saunders and the County denied negligence and by way of affirmative defense plead contributory negligence on the part of the petitioner. The trial court directed a bifurcated trial of the issues of liability and damages. The cause went to trial on the issue of liability resulting in a verdict on that issue for the petitioner. Subsequently, the trial judge entered an order granting the respondents' motion for new trial on the ground that the jury was not charged on the definition of contributory negligence. Petitioner filed a notice of appeal in the District Court of Appeal, challenging the order of the trial court granting said respondents' motion for new trial. The respondents moved to dismiss the appeal on the ground that an order granting a new trial on the issue of liability only is not appealable. The District Court of Appeal *32 sustained the motion and dismissed the appeal. Marley v. Saunders, et al., 240 So.2d 659. Petition for certiorari was filed with this court asserting that the order of the District Court of Appeal is in conflict with the decision of the District Court of Appeal of the First District in the case of Means v. Douglas, 110 So.2d 88 (Fla.App. 1st, 1959). In Means the District Court of Appeal for the First District permitted the plaintiff to appeal from an order granting a new trial on the issue of damages only, pursuant to the provisions of Section 59.04, Florida Statutes, F.S.A. We think there is conflict between the case sub judice and the Means case. Section 59.04, Florida Statutes, F.S.A., provides:
"Upon the entry of an order granting a new trial, the party aggrieved may, without waiting for final judgment, prosecute an appeal to the proper appellate court which, if the cause be reversed, may direct that final judgment be entered in the trial court for the party obtaining the verdict, unless motion in arrest of judgment or for judgment non obstante veredicto be made and prevail."
It is conceded by the petitioner that the trial court's order for new trial on the issue of liability is not a final judgment, but she asserts that she has a right of appeal from the order under the express provisions of Section 59.04, supra, and that the decision of the District Court of Appeal below is in direct conflict with the decision in Means, supra. We agree.
It is true that in Means the District Court of Appeal was dealing with an order of the trial court which granted a new trial with respect to the issue of damages and not liability. However, there is no difference in principle. The statute which accords to the aggrieved party the right of appeal from an order granting a new trial makes no distinction between an order which grants a new trial in toto, one that grants a new trial on the issue of liability only, or one that grants a new trial on the issue of damages only. The Rules of this Court provide for bifurcated trials. Rule 1.430(c), FRCP, 30 F.S.A., provides that a party in his demand for jury trial may specify the issue which he wishes so tried. In this case it apparently was agreed between the parties, with approval of the Court, that the issue of liability should first be tried. The rule is a salutary one, particularly in negligence cases, for it would be senseless to require the parties to go to the time and expense to produce evidence on the issue of damages where it is evident that the pleadings or circumstances indicate that such an issue will call for extensive testimony upon such issue. Consequently, time and expense, as well as judicial labor, are conserved if the issue of liability in such cases is first determined. And, a party who is aggrieved by order of the trial court granting a new trial on the issue of liability should not be penalized by a strained construction of Section 59.04, Florida Statutes, F.S.A., which would deny its application to an order granting a new trial on the issue of liability, but permit it on the issue of damages. Furthermore, the Rules further provide (Rule 1.530(a), 31 F.S.A.), that a new trial may be granted to all or any of the parties "and on all or a part of the issues." (Emphasis supplied). The rule providing for bifurcated trials and the rule providing for the granting of new trials on part of the issues are consonant with the salutary purpose designed to be effected by Section 59.04, supra. We, therefore, hold that we have jurisdiction and that the order of the District Court of Appeal dismissing the appeal for lack of jurisdiction is erroneous and should be set aside.
Having concluded that we have jurisdiction of this cause, we retain jurisdiction for all purposes, and in order to avoid needless steps in litigation, decide the cause on its merits. Mark v. Hahn, 177 So.2d 5, and cases cited therein.
The petitioner is appealing the order of the trial court which granted to the respondents a new trial on the issue of liability. *33 The trial court granted a new trial and stated as its reason therefor as follows:
"1. That this Court did not charge the Jury with the Florida Standard Jury instructions dealing with the definition of negligence to be used in conjunction with a charge given of contributory negligence.
"2. That only the charge of negligence dealing with a common carrier was given.
"3. That the Jury had no definition of negligence which it could use in determining if the Plaintiff was herself guilty of contributory negligence."
We are called upon to determine whether the trial court abused its discretion in granting a new trial. It is the position of the respondents that there was no abuse of discretion for the reason that the trial court in its charge to the jury failed to instruct the jury as to the reasonable care that was required of the petitioner in order that the jury might determine if the petitioner was guilty of such contributory negligence as to bar her right of recovery in the suit; and that the jury was, therefore, left in the dark to gauge the conduct of the petitioner. The petitioner's position is that the charge of the court as given was adequate on the issue of negligence, both as to the petitioner and the respondents, that the respondents failed to request a specific charge of such negligence, and that even though the trial court might have erred in failing adequately to charge upon the issue of negligence, the error was harmless in the light of the entire charge of the court and all of the facts of the case.
A reading of the trial court's charge discloses that it gave the following charges concerning the issues of negligence on the part of the respondents and contributory negligence on the part of the petitioner:
"The issues for your determination on the claim of the plaintiff against the defendant is whether the defendant driver was negligent in the operation of its bus; and, if so, whether such negligence was a legal cause of the injury and damage sustained by the plaintiff.
"If the greater weight of the evidence does not support the claim of the plaintiff, then your verdict should be for the defendants.
"If, however, the greater weight of the evidence does support the claim of the plaintiff, then you shall consider the defense of contributory negligence raised by the defendant.
"On this defense the issues for your determination are whether the plaintiff was herself negligent and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of, thus barring recovery on her claim.
"If the greater weight of the evidence supports this defense of the defendant, then your verdict should be for the defendant.
"If, however, the greater weight of the evidence does not support this defense of the defendant, and the greater weight of the evidence does support the claim of the plaintiff, then your verdict should be for the plaintiff.
"The greater weight of the evidence means the more persuasive or convincing force and effect of the entire evidence in the case.
"Negligence is the failure to use reasonable care.
"The reasonable care required of a common carrier for the safety of a passenger is the highest degree of care that is consistent with the mode of transportation used, and the practical operation of the business of a common carrier of passengers.
"In such a case negligence of a common carrier may consist in either doing *34 something that would not be done, or in failing to do something that would be done by a very careful person under the conditions and circumstances then affecting the carrier and the passenger.
"Negligence is a legal cause of injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that but for the negligence the loss or damage would not have occurred."
It is to be noted that nowhere in this charge did the trial court instruct the jury that the plaintiff was bound to exercise such care for her own protection as ordinary prudent persons would use under like circumstances. Standard Jury Instruction 4.1 requires the court not only to charge the jury that negligence is the failure to use reasonable care, but also to define what is reasonable care. The charge is as follows:
"Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances."
The trial court properly defined the negligence of the defendant common carrier. It used Standard Jury Instruction 4.5 to do this. It is our view, however, that the giving of this charge as to the duty of a common carrier does not relieve the trial court from the obligation to charge the jury upon the issue of care required of the petitioner for her self-protection. The Committee note following the Standard Jury Instruction 4.5 states that this charge should be given in a passenger's case to define the standard of care applicable to a common carrier, but, if there is an issue of contributory negligence Standard Jury Instruction 4.1 should be given initially to define the standard of care applicable to the passenger.
This court has approved the Standard Jury Instructions published by The Florida Bar by its order of April 19, 1967 (198 So.2d 319), as amended June 19, 1968 (211 So.2d 174), as amended March 25, 1970 (233 So.2d 380). By the last amendment the use of the Florida Jury Instructions was redesignated as a rule rather than as a form. This Rule provides that the trial judges of this State in charging the jury in civil actions may use the forms of such instructions to the extent that the forms are applicable unless the trial judge determines in a particular case that an applicable form of instruction is erroneous or inadequate; in which event he shall modify the form or give such other instruction as he determines necessary accurately and sufficiently to instruct the jury in the circumstances of the action. And in the event he does not give the instruction contained in the forms he shall state on the record or in a separate order the manner in which he finds the standard form erroneous and inadequate, and the legal basis of his finding.
In the case sub judice we do not have the situation where the trial judge determined that the applicable form of instruction was erroneous or inadequate, but rather a complete failure to give the applicable form of instruction. He recognized this omission or failure in his order granting a new trial.
At the close of the court's instructions his failure to give the standard form was brought to his attention by counsel for respondents. Counsel objected to the failure of the court to give the Florida Standard Jury Instruction 4.1. He also objected to the court's charge concerning negligence of a common carrier. The trial court did not correct his omission to charge the jury as required in Standard Jury Instruction 4.1, but let the case go to the jury without charging it upon the question of *35 negligence on the part of the plaintiff petitioner. The question of such failure was preserved by respondents' counsel and we must now determine whether such omission on the part of the trial judge was error such as to warrant his granting of a new trial. We have held that the trial court's instructions must cover all the issues that are properly raised for determination. Carls Markets, Inc. v. Meyer (1953, Fla.) 69 So.2d 789. We have also held that a refusal to instruct the jury on the law of contributory negligence is error when that question is in issue. Miller v. Rollings (1951, Fla.) 56 So.2d 137.
The inquiry that the trial court is required to make in a situation such as this is whether the jury might have reasonably been misled, and under the Harmless Error Statute (54.23, F.S.), whether the error of the trial court "resulted in a miscarriage of justice." Such a miscarriage results only when an erroneous charge is reasonably calculated to confuse or mislead (Florida Power and Light Company v. McCollum (Fla.), 140 So.2d 569).
The trial court in granting a new trial concluded that the jury had no definition of negligence which it could use in determining whether the petitioner was guilty of contributory negligence. Our reading of the record indicates that the trial judge first directed a verdict for the respondents at the conclusion of the evidence, but changed his mind and let the case go to the jury, which evidenced a doubt in his mind as to whether there was sufficient evidence to justify a verdict for the petitioner. Also, there is substantial evidence in the record that the respondent County's bus was traveling in a normal manner when the petitioner either fell or slid off her seat which resulted in the injuries complained of, and also that she was not sitting properly in her seat, which caused her to slide off. There was, of course, substantial evidence to the contrary on both issues. The evidence is, therefore, conflicting both on the issue as to whether or not the bus driver was negligent, and also upon the issue as to whether or not the petitioner was contributorily negligent. Under proper instructions as to the duty of both the driver and the petitioner a classic jury question was created here, and where properly instructed, the jury's verdict should not be disturbed. However, in the absence of a charge which defined the degree of care required of the petitioner for her own safety we can readily see that the jury might reasonably have been misled, and that the entire charge was reasonably calculated to confuse or mislead because of such failure of the trial judge to charge as to such degree of care. Therefore, under all of the circumstances as reflected by this record we conclude that the trial judge was not at fault in granting a new trial.
We hold that the order granting a new trial was proper, that the District Court of Appeal erred in dismissing the appeal for the reasons cited, but that the cause should be affirmed on its merits.
The decision of the District Court of Appeal dismissing the appeal herein is quashed and the appeal is reinstated.
Upon consideration of the merits of the reinstated appeal, we affirm the order of the trial court granting a new trial to the respondents.
It is so ordered.
ROBERTS, C.J., and ERVIN, ADKINS and McCAIN, JJ., concur.