276 So.2d 227 (1973)
Fred A. HENSEL, Jr., Appellant,
v.
Robert C. HENSEL, Appellee.
No. 72-679.
District Court of Appeal of Florida, Second District.
April 18, 1973.
Robert W. Holman of Hammond & Holman, Pinellas Park, for appellant.
W. Douglas Baird of Esteva, Chumbley & Baird, St. Petersburg, for appellee.
McNULTY, Judge.
Appellant brought suit against appellee on a promissory note. Final judgment (apparently summary in nature) was entered in favor of plaintiff-appellant on March 10, *228 1972, the court finding that "... the defendant admitted in his answer to interrogatories" an indebtedness of $10,181.53, and that "... no genuine issue of fact exists ..." but that plaintiff-appellant was entitled to judgment as a matter of law. No appeal was taken from this final judgment and no relief was sought under Rule 1.530, R.C.P., 31 F.S.A. (relating to new trials, rehearing and amendment of judgments).
Instead, approximately two months after the judgment, appellee filed a motion under Rule 1.540(b), R.C.P., seeking "relief from judgment," alleging that "it is not equitable that said judgment should have perspective [sic] application" for the following reasons: (1) the note was not given for any consideration; (2) prior release; and (3) partial payment. The release relied upon and an affidavit, along with checks and money orders allegedly evidencing partial payment, were attached as exhibits to the motion; but on their face they show that they were all executed more than a year prior to the final judgment. Notwithstanding, the trial judge granted the motion for relief under the aforesaid Rule 1.540(b) and this interlocutory appeal ensued.[1] We reverse.
Rule 1.540(b), supra, specifically sets forth five grounds for relief from judgment:
"(1) mistake, inadvertence, surprise or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing;
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
(4) the judgment or decree is void;
(5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application." (Italics supplied)
Clearly, appellee sought relief pursuant to ground No. 5, contending, as we said, that "it is not equitable" that said judgment be given prospective application. But, the specific grounds upon which he relies are affirmative defenses and are more properly raised and provable in the suit itself. Exceptions to this are, of course, embraced within grounds 1 and 2 of the aforesaid rule relating to mistake, inadvertence, etc., or to newly discovered evidence,[2] but neither is alleged here. Indeed, as to the evidence relied upon, i.e., the prior release and the other exhibits, they were available prior to the judgment as noted and are not "newly discovered" otherwise within contemplation of the rule.
In line with this, we are further of the view that the equities spoken of in ground No. 5 of the rule are those which come to fruition after a final judgment, not those which would theretofore have been available as defenses to the action. This is so because to say, in the language of the rule, that it is "no longer equitable" that a judgment be given prospective effect is to say that it once was equitable that it have such effect. This in turn, of course, presupposes that the judgment was valid to begin with. It is therefore entitled to the "finality" inherent in the concept of res judicata and in the law's desire to terminate litigation unless strictly falling within the exceptions of the rule.[3]
We hold that appellee's motion did not allege sufficient grounds for relief *229 pursuant to Rule 1.540(b), R.C.P., and that, accordingly, the trial judge erred in granting such relief. The order appealed from is therefore reversed and the cause is remanded with directions to quash that order and to reinstate the final judgment.
Reversed and remanded.
LILES, A.C.J., and PIERCE, J., (Ret.), concur.
NOTES
[1] See, Rule 4.2, 32 F.S.A.
[2] We refer here only to the exceptions in grounds 1 and 2 because of the factual framework of this case. The other two grounds, fraud and "void" judgment, are not even remotely applicable.
[3] Cf., Hall v. American Distributing Corp. (Fla.App. 1966), 181 So.2d 711.