297 So.2d 1 (1974)
Michael Scott CLEMENT, a Minor, by and through His Mother and Next Friend, Eileen A. Clement, and Eileen A. Clement, Individually, Appellants,
v.
AZTEC SALES, INC., et al., Appellees.
No. 44305.
Supreme Court of Florida.
June 19, 1974.
Rehearing Denied July 25, 1974.
Robert Orseck of Podhurst, Orseck & Parks, Miami and Preddy, Haddad, Kutner & Hardy, Fort Lauderdale, for appellants.
Frank E. Maloney, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for The Wackenhut Corp., amicus curiae.
ADKINS, Chief Justice.
This cause is before us on appeal from a decision of the District Court of Appeal, Fourth District, reported at 283 So.2d 68 (Fla.App.4th, 1973). The District Court in its opinion passed upon the validity of Fla. Stat. § 59.04, F.S.A., giving this Court jurisdiction under Fla. Const., art. V, § 3(b)(1), F.S.A.
*2 Appellants, plaintiffs in the Broward County Circuit Court, secured a substantial jury verdict in a personal injury case. Appellees moved for a new trial, which was granted on the issue of liability only, whereupon appellants appealed to the District Court. That court granted appellees' motion to dismiss, holding that Fla. Stat. § 59.04, F.S.A. (specifically providing for an appeal from an order granting new trial) was in conflict with Rule 4.2(a), F.A.R., 32 F.S.A. (which authorizes interlocutory appeals in only certain cases, not including orders granting new trials) and that, since Rule 1.4, F.A.R. provides that all statutes in conflict with those rules are superseded by them, Rule 4.2 governs and Fla. Stat. § 59.04, F.S.A., is invalid. We disagree and hereby reverse the holding of the District Court for the reasons set out below.
We have carefully considered this case, together with other case authority construing Fla. Stat. § 59.04, F.S.A., including Marley v. Saunders, 249 So.2d 30 (Fla. 1971); Seigel v. Solomon, 201 So.2d 501 (Fla.App.3d, 1967), affirmed 207 So.2d 79; and Means v. Douglas, 110 So.2d 88 (Fla.App.1st, 1959). This Court has approved the holding that an order granting a new trial is a substantive right given by Fla. Stat. § 59.04, F.S.A., and is not interlocutory in nature. Seigel v. Solomon, supra. Further, it has been held that Fla. Stat. § 59.04, F.S.A., confers a right to appeal which creates an exception to the general rule that appeals at law lie only from final judgments. Means v. Douglas, supra. We conclude that this present appeal is not an interlocutory one and that Fla. Stat. § 59.04, F.S.A., does not conflict with Rule 4.2, F.A.R.
We next note that Rule 1.4, F.A.R., reads in part as follows:
"From their effective date ... these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."
Therefore, we hold that, inasmuch as Fla. Stat. § 59.04, F.S.A., does not conflict with Rule 4.2(a), F.A.R., it is not superseded and that, pursuant to Rule 1.4, F.A.R., the statute has been adopted as a rule promulgated by this Court.
Accordingly, the opinion of the District Court of Appeal, Fourth District, is reversed and the cause remanded with directions that the District Court consider the appellants' appeal on the merits.
It is so ordered.
ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.