PETERSON, Judge.
Holmes Regional Medical Center, Inc. (HRMC), seeks certiorari review of the trial court’s order disqualifying Holland & Knight, LLP, (H & K), as its counsel in a suit brought by Thomas E. Rose, M.D., who sought relief against HRMC for suspending his staff privileges. We grant the petition and quash the order of disqualification.
The disqualification issue arose when attorney Cynthia Mikos became an associate of H & K. Mikos had previously been an associate of Jacobs, Forlizzo & Silverstein, P.A., (JFS), and had represented Cardiology Specialists, P.A., along with a number of other entities, in a class action challenging the tax assessments of the Agency for Health Care Administration. The respondent, Dr. Rose, was a co-shareholder of Cardiology Specialists when it entered into an agreement on September 25, 1995, to retain Mikos and her firm to represent it in the class action. Although Dr. Rose withdrew from Cardiology Specialists on June 3, 1997, he notified counsel that he continued to claim an interest in the class action. Several weeks later, Mikos advised Cardiology Specialists that she had joined H&K. Dr. Rose then moved, in his *765 lawsuit against HRMC, to disqualify Mikos and H & K, as attorneys for HRMC and the trial court granted the motion.
We grant HRMC’s petition because the trial court did not have jurisdiction to rule on the motion to disqualify. The motion to disqualify was heard after Dr. Rose’s complaint was dismissed with prejudice, and after a notice of appeal of the dismissal had been filed.[1] The trial court lost jurisdiction at the time the notice of appeal was filed and the order of disqualification entered after that time was a nullity. See generally Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA), cert. denied, 252 So.2d 798 (Fla.1971) (trial court has no authority after notice of appeal has been filed to change status of case, interfere with rights of parties or take any action affecting the subject matter of the appeal and may only make corrections to record).
PETITION GRANTED, ORDER OF DISQUALIFICATION QUASHED.
GOSHORN and HARRIS, JJ., concur.

. At the hearing on the motion to disqualify, Dr. Rose testified that he considered himself personally to be a client of Mikos and that he revealed financial information to her regarding billings of his personal practice when he was associated with Cardiology Specialists. The trial court found, however, that any knowledge that Mikos may have had regarding Dr. Rose's financial matters was never disclosed to H & K.